JUDGE OETKEN

# 14 CV 2477

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                   :

ABDULLAH JAMES GEORGE WILSON, on
behalf of himself and others similarly situated,     :

                           Plaintiffs,     :

               - against -        :

CORELOGIC SAFERENT, LLC           :

                       Defendant.     :

------------------------------------------------------------x

RECEIVED
APR 09 2014
U.S.D.C. S.D. N.Y.
CASHIERS

C.A. No. 14-CV-_____

**CLASS ACTION COMPLAINT**

**(Trial by Jury Demanded)**

On behalf of himself and all others similarly situated, Plaintiff Abdullah James George

Wilson ("Plaintiff" or "Mr. Wilson"), by and through his attorneys, the Legal Action Center and

Francis & Mailman, P.C., respectfully alleges as follows:

## NATURE OF THE ACTION

1.     This is a consumer class action against Defendant CoreLogic SafeRent, LLC

("Defendant" or "CoreLogic") for violations of New York and federal fair credit reporting laws.

Plaintiff contends that CoreLogic systematically violates the New York Fair Credit Reporting

Act, N.Y. Gen. Bus. Law § 380 *et seq.* ("NY-FCRA") by reporting and maintaining in its files

information concerning the race of New York consumers and by reporting outdated, unreliable

and obsolete public records.

2.     Plaintiff also asserts claims against CoreLogic for its violation of the federal Fair

Credit Reporting Act, 15 U.S.C. §§ 1681–1681x ("FCRA") by generating and selling to a leasing

center through which Plaintiff had applied for housing, a criminal background report containing

a felony conviction that had been vacated and sealed years before.  Had CoreLogic followed

reasonable procedures to assure maximum possible accuracy, such as checking the actual court records, this conviction would not have been reported. Criminal background reports that CoreLogic creates and sells nationwide routinely include inaccurate information about criminal records that have been expunged, vacated, sealed or dismissed because CoreLogic relies on unreliable sources, such as correctional systems databases. CoreLogic further violated FCRA by failing to promptly reinvestigate when Plaintiff – on four separate occasions – attempted to dispute the inaccurate information.

## PARTIES

3.      Plaintiff is an adult individual residing in New York.

4.      Defendant CoreLogic SafeRent, LLC is a consumer reporting agency that regularly conducts business in the Southern District of New York.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this matter based upon 28 U.S.C. §§ 1331, 1367 and 15 U.S.C. § 1681p.

6.      Venue is properly in this District, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this District.

## STATEMENT OF FACTS

### Background:  CoreLogic's Consumer Reporting Activities

7.      CoreLogic is a nationwide consumer reporting agency (CRA), and compiles and maintains files on most adults in the United States.

8.      Defendant's files contain names, addresses, social security numbers, dates of birth, and other items of personal identifying information about consumers.

9.      Defendant's files also include criminal histories, eviction records, and other types of public records and information bearing upon the credit worthiness of consumers and their eligibility for apartment leases and employment.

10.     Defendant compiles its files from information derived from various public records and also from private data furnishers.

11.     From these files, Defendant sells consumer reports about millions of consumers annually.

12.     Defendant is regulated by the NY-FCRA and the federal FCRA.

13.     One of the consumer reports that Defendant prepares and sells about tenant applicants is called a "Lease Decision" report.

14.     Lease Decision reports are sold by Defendant to landlords and used in connection with tenant applications to determine whether tenants are eligible to rent the apartments for which they have applied.

15.     Defendant's Lease Decision reports contain several sections, including a section on any sex-offender history about the applicant, other "multi-state" criminal history about the applicant, a Report Summary and a CrimSafe Result.

16.     The Report Summary section of the Lease Decision summarizes criminal records found and personal information concerning the applicant, including his or her race.

17.     The CrimSafe Result section summarizes similar information and also discloses the applicant's race.

### The Facts Pertaining to Representative Plaintiff Mr. Wilson

18.     On or about April 16, 2012, Mr. Wilson applied for and was offered a one bedroom apartment at the Eastchester Heights apartment complex in Bronx, New York, subject to an approved credit check. Mr. Wilson paid the leasing agent $50 for the credit check.

19.     At the request of the leasing agent, Defendant prepared and sold a Lease Decision report on Mr. Wilson dated April 16, 2012, in connection with his application for the apartment. The Lease Decision report included Mr. Wilson's credit history and credit score, both of which were strong and well within the range required in order for his application to be approved.

20.     However, in the April 16, 2012 Lease Decision, CoreLogic reported unlawful and inaccurate information.   The Lease Decision disclosed Mr. Wilson's race as "black" in the Report Summary section and the CrimSafe Result section.

21.     In addition, in the April 16, 2012 Lease Decision, CoreLogic reported a felony conviction for robbery in 1995 as belonging to Mr. Wilson.  The report was inaccurate, and contained public record information that was neither complete nor up to date, and which was legally obsolete and unreportable for multiple reasons.  First, the referenced conviction had been vacated, and the charges had been dismissed and sealed years before, on or about October 19, 2009.  Second, no court or court record was reporting the conviction record at the time that Defendant sold its report to Eastchester Heights.  Third, as it pertained to the dismissed and sealed offense information, the report misidentified the case number as 95A8435.  Fourth, the report misidentified the file date number of the record.  Fifth, the report misidentified the State I.D. number as 4677219N.  Sixth, the report misidentified the disposition date as 12/05/1995.

22.     Because Defendant failed to follow any procedure that assured maximum possible accuracy, as required by 15 U.S.C. § 1681e(b), Defendant inaccurately disclosed a felony

conviction that had been dismissed and sealed several years earlier and which contained the other inaccurate information set forth above.

      23.    Based on the inaccurate and unlawfully reported information in the Lease Report, a representative of Eastcheter Heights advised Mr. Wilson that he would not be allowed to rent the apartment. Mr. Wilson was given an "Adverse Action Letter" from the leasing agent and office manager in which he was notified that his application was not approved based on information contained in the report obtained from CoreLogic. The letter provided Mr. Wilson with CoreLogic's telephone number.

      24.    Mr. Wilson attempted to dispute the inaccurate information by contacting CoreLogic. Four different times, Mr. Wilson used Defendant's automated telephone system and left a message concerning his dispute. No one from CoreLogic returned Mr. Wilson's messages and the inaccurate information was not corrected by CoreLogic at that time, resulting in Mr. Wilson being denied the apartment he had applied for.

## CLASS ACTION ALLEGATIONS

      25.    Plaintiff brings this action pursuant to the Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of the following classes defined as follows:

> All consumers residing in the State of New York as to whom, beginning two years prior to the date of the filing of this Complaint and continuing through the resolution of this action, Defendant reported or maintained in its files the race of the consumers.
>
> *****
>
> All consumers residing in the United States of America as to whom, beginning two years prior to the date of the filing of this Complaint and continuing through the resolution of this action, Defendant reported a public record or criminal record that had been expunged, vacated, sealed or dismissed prior to the date of the report in connection with an application for a residential lease or tenancy, employment or credit.

26.     **Numerosity. Fed. R. Civ. P. 23(a)(1).**  The Class members are so numerous that joinder of all is impractical.  Upon information and belief, CoreLogic obtains hundreds if not thousands of consumer reports on consumers in connection with applications for residential leases or tenancy, employment, or credit in the United States each year, including applicants for housing and employment in the State of New York, and those persons' names and addresses are identifiable through documents maintained by CoreLogic.

27.     **Existence and Predominance of Common Questions of Law and Fact. Fed. R. Civ. P. 23(a)(2).**  Common questions of law and fact exist as to all members of each Class, and predominate over the questions affecting only individual members. The predominating questions are whether Defendant reports or maintains the race of consumers residing in the State of New York and whether such practice is in violation of N.Y. Gen. Bus. Law § 380-j(a)(2), as well as whether Defendant reports expunged, vacated, sealed or dismissed public record or criminal record information to landlords, employers or credit grantors in violation of the NY-FCRA and FCRA.

28.     **Typicality.  Fed. R. Civ. P. 23(a)(3).**  Plaintiff's claims are typical of the claims of each Class member.  Plaintiff has the same claims for statutory and punitive damages that he seeks for absent class members.

29.     **Adequacy.  Fed. R. Civ. P. 23(a)(4).**  Plaintiff is an adequate representative of each Class because his interests are aligned with, and are not antagonistic to, the interests of the members of each Class he seeks to represent, he has retained counsel competent and experienced in such litigation, and he intends to prosecute this action vigorously.  Plaintiff and his counsel will fairly and adequately protect the interests of members of each Class.

30.     **Predominance and Superiority. Fed. R. Civ. P. 23(b)(3).**  Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy.  The damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by CoreLogic's conduct.  It would be virtually impossible for the members of each Class individually to redress effectively the wrongs done to them.  Even if the members of each Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts.   Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by CoreLogic's conduct.  By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a unified proceeding.

## CAUSES OF ACTION

### COUNT I
### N.Y. GEN. BUS. LAW § 380-j(a)(2)
### (CLASS CLAIM v. CORELOGIC)

31.     Plaintiff realleges and incorporates by reference all preceding allegations.

32.     Plaintiff is a "consumer," as defined by the NY-FCRA, N.Y. Gen. Bus. Law § 380-a(b).

33.     CoreLogic's background reports are "consumer reports" within the meaning of N.Y. Gen. Bus. Law § 380-a(c).

34.     The NY-FCRA provides that "[n]o consumer reporting agency shall report or maintain in the file on a consumer, information . . . relative to a consumer's race, religion, color, ancestry or ethnic origin." N.Y. Gen. Bus. Law § 380-j(a)(2).

35.     Defendant CoreLogic is a consumer reporting agency that reports and maintains files on New York consumers within the meaning of N.Y. Gen. Bus. Law § 380-a(e).

36.     CoreLogic willfully violated section 380-j(a)(2) of New York General Business Law by reporting and maintaining information in the files of New York consumers relative to consumers' race.

WHEREFORE, Plaintiff and the Class pray for relief as follows:

A.     An order certifying the proposed Class under Rule 23 and appointing Plaintiff and the undersigned counsel of record to represent same;

B.     An award of punitive damages for Plaintiff and the Class;

C.     An award for injunctive and declaratory relief for Plaintiff and the Class;

D.     An award of pre-judgment and post-judgment interest as provided by law;

E.     An award of attorneys' fees and costs; and,

F.     Such other relief as the Court deems just and proper.

### COUNT II
### FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681e(b)
### (CLASS CLAIM v. CORELOGIC)

37.     Plaintiff realleges and incorporates by reference all preceding allegations.

38.     CoreLogic is a "consumer reporting agency," as defined by the FCRA, 15 U.S.C. § 1681a(f).

39.     At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

40.     At all times pertinent hereto, the above-mentioned background report was a "consumer report" as that term is defined by 15 U.S.C. § 1681a(d).

41.     CoreLogic violated 15 U.S.C. § 1681e(b) as to Plaintiff and the Class by willfully and negligently failing to follow reasonable procedures to assure maximum possible accuracy in the preparation and sale of consumer reports about Plaintiff and other consumers within the Class which contained public records or criminal records that had been expunged, vacated, sealed or dismissed prior to their sale and/or dissemination;

42.     The violations by CoreLogic were willful and negligent, rendering Defendant liable for statutory damages, punitive damages, and actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o

WHEREFORE, Plaintiff seeks judgment and damages against Defendant, for the following requested relief:

A.     Statutory damages in the amount of $100-$1000;

B.     Punitive damages;

C.     Actual damages;

D.     Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n and 15 U.S.C § 1681o; and

E.     Such other and further relief as may be necessary, just and proper.

**COUNT III**
**N.Y. GEN. BUS. LAW § 380-j(e)**
**(PLAINTIFF WILSON v. CORELOGIC)**

43.     Plaintiff realleges and incorporates by reference all preceding allegations.

44.     Section 380-j(e) of the NY-FCRA requires consumer reporting agencies to maintain reasonable procedures designed to assure maximum possible accuracy of the information concerning the individual about whom [a consumer] report relates.

45.     CoreLogic violated section 380-j(e) as to Plaintiff by willfully and negligently failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation and sale of the Lease Decision report about Plaintiff by reporting inaccurate information about him from NY DOC without checking the actual public record.

46.     The violations by CoreLogic were willful and negligent, rendering Defendant liable for actual, statutory and punitive damages.

47.     Plaintiff is entitled to recover actual damages, punitive damages, costs and attorneys' fees from CoreLogic in an amount to be determined by the Court pursuant to sections 380-l and 380-m of the NY-FCRA.

WHEREFORE, Plaintiff seeks judgment and damages against Defendant, for the following requested relief:

A.     Actual damages;

B.     Punitive damages;

C.     Injunctive and declaratory relief;

D.     Costs and reasonable attorneys' fees; and

E.     Such other and further relief as may be necessary, just and proper.

**COUNT IV**
**FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681i(a)**
**(PLAINTIFF WILSON v. CORELOGIC)**

48.    Plaintiff realleges and incorporates by reference all preceding allegations.

49.    CoreLogic is a "consumer reporting agency," as defined by the FCRA, 15 U.S.C. § 1681a(f).

50.    At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

51.    At all times pertinent hereto, the above-mentioned background report was a "consumer report" as that term is defined by 15 U.S.C. § 1681a(d).

52.    CoreLogic violated 15 U.S.C. § 1681i(a) by failing to conduct a reasonable reinvestigation to determine whether the information Plaintiff disputed was inaccurate and to record the current status of the disputed information, or delete the item from the file, within 30 days from the date Plaintiff disputed the inaccurate information.

53.    As a result of CoreLogic's violations of 15 U.S.C. § 1681i(a), Plaintiff suffered actual damages including but not limited to: loss of opportunity for housing, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

54.    The violations by CoreLogic were willful, rendering Defendant liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, CoreLogic was negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

55.    Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys' fees from CoreLogic in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against Defendant, for the following requested relief:

A.      Actual damages;

B.      Statutory damages;

C.      Punitive damages;

D.      Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and

E.      Such other and further relief as may be necessary, just and proper.

## COUNT V
## N.Y. GEN. BUS. LAW § 380-f
## (PLAINTIFF WILSON v. CORELOGIC)

56.     Plaintiff realleges and incorporates by reference all preceding allegations.

57.     Plaintiff is a "consumer," as defined by the NY-FCRA, N.Y. Gen. Bus. Law § 380-a(b).

58.     CoreLogic's background reports are "consumer reports" within the meaning of N.Y. Gen. Bus. Law § 380-a(c).

59.     CoreLogic is a consumer reporting agency that reports and maintains files on New York consumers within the meaning of N.Y. Gen. Bus. Law § 380-a(e).

60.     The NY-FCRA provides that "[i]f a consumer disputes any item of information contained in his file, and such dispute is directly conveyed to the consumer reporting agency by the consumer, the consumer reporting agency shall promptly re-investigate and record the current status of such information . . . and it shall promptly notify the consumer of the result of its investigation, its decision on the status of the information and his rights pursuant to this section." N.Y. Gen. Bus. Law § 380-f(a).

61.    CoreLogic willfully violated section 380-f(a) by failing to promptly re-investigate the inaccurate information disputed by Plaintiff.

62.    As a result of CoreLogic's violations of section 380-f, Plaintiff suffered actual damages including but not limited to: loss of opportunity for housing, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

63.    The violations by CoreLogic were willful, rendering Defendant liable for punitive damages in an amount to be determined by the Court pursuant to N.Y. Gen. Bus. Law § 380-l(b). In the alternative, CoreLogic was negligent, which entitles Plaintiff to recovery under N.Y. Gen. Bus. Law § 380-m.

64.    Plaintiff is entitled to recover actual damages, punitive damages, costs and attorneys' fees from CoreLogic in an amount to be determined by the Court pursuant to the NY-FCRA.

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against Defendant, for the following requested relief:

A.    Actual damages;

B.    Punitive damages;

C.    Costs and reasonable attorneys' fees pursuant to N.Y. Gen. Bus. Law §§ 380-l and 380-m; and

D.    Such other and further relief as may be necessary, just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: New York, New York
      April 9, 2014

**LEGAL ACTION CENTER**

By: _Monica Welby_
    Monica Welby (MW-7373)

Monica Welby (MW-7373)
Sally Friedman (SF-3344)
225 Varick Street, Suite 402
New York, NY 10014
Tel: (212) 243-1313
Fax: (212) 675-0286
Email: mwelby@lac.org
       sfriedman@lac.org

**FRANCIS & MAILMAN**
James A. Francis (*pro hac vice forthcoming*)
Mark D. Mailman (*pro hac vice forthcoming*)
David A. Searles (*pro hac vice forthcoming*)
100 S. Broad Street, 19th Floor
Philadelphia, PA 19110
Tel: (215) 735-8600
Fax: (215) 940-8000
Email: jfrancis@consumerlawfirm.com
       mmailman@consumerlawfirm.com
       dsearles@consumerlawfirm.com

*Attorneys for Plaintiff and the Class*