UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                          :

ABDULLAH JAMES GEORGE WILSON,
on behalf of himself and others similarly situated,

                     Case No. 1:14-cv-2477 (JPO) (RLE)

               Plaintiff,

      -against-

CORELOGIC SAFERENT, LLC,

              Defendant.
------------------------------------------------------------------------X


**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF
CONSENT MOTION TO FILE UNDER SEAL**




TROUTMAN SANDERS LLP
875 Third Avenue
New York, NY 10022

*Attorneys for Defendant*

Defendant, CoreLogic SafeRent, LLC ("SafeRent"), by counsel, hereby submits this memorandum of law in support of its consent motion to under seal file two pieces of information contained in Plaintiff's forthcoming motion for leave to amend the Complaint. Specifically, SafeRent seeks to seal the following information: (1) the number of reports SafeRent issued over the alleged class period that contained a record it had received from the New York Department of Corrections ("NYDOC"); and (2) the portion of the document attached to SafeRent's responses to Plaintiff's interrogatories that sets forth SafeRent's sources of criminal record information in New York. That information and document had previously been designated by SafeRent as "Confidential" during discovery.

## BACKGROUND

On April 6, 2015, SafeRent timely responded to Plaintiff's First Interrogatories. As part of its responses, SafeRent identified the number of reports that it had issued from April 9, 2012 to the date of its response (*i.e.*, the alleged class period) that contained a criminal record received from the NYDOC. SafeRent also provided a comprehensive list of the governmental sources of criminal record information that it had utilized during the alleged class period, which included the list of its sources of New York criminal records.

On May 27, 2015, Plaintiffs filed a letter seeking a pre-motion conference on their forthcoming motion for leave to amend the Complaint. (Dkt. No. 39.) At the pre-motion conference, the Court ordered formal briefing on that motion. On June 11, 2015, Plaintiff's counsel informed counsel for SafeRent that they intended to disclose in their memorandum in support of Plaintiff's motion for leave to amend the number of reports issued by SafeRent that contained a record from the NYDOC, as well as the portion of the document reflecting its sources of criminal record information in New York. Plaintiff's counsel further noted that they would consent to the sealing of that limited information.

## ARGUMENT

For "good cause shown," a court may enter an order requiring "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way."  Fed. R. Civ. P. 26(c)(1)(G).  Determining whether a document submitted to the court must be made publicly available involves a three-step process.  *Lugosch III v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  The "court must: (1) determine that it is a judicial document; (2) determine the weight of the presumption of access attached to the specific judicial document; and (3) balance countervailing interests against the presumption of access."  *United States v. Madoff*, 626 F. Supp. 2d 420, 424 (S.D.N.Y. 2009).  The competitive "interests of those resisting disclosure may establish countervailing interests against the presumption of disclosure."  *Cohen v. Gerson Lehrman Group, Inc.*, No. 09 Civ. 4352, 2011 U.S. Dist. LEXIS 104510, at *3 (S.D.N.Y. Sept. 15, 2011).

Under the Second Circuit's test, courts have regularly found that a party's privacy interest in confidential and proprietary information outweighs the "presumption of access" or "qualified First Amendment right" to public access.  For example, in *Standard Inv. Chartered, Inc. v. Fin. Reg. Auth.*, No. 08-4922, 2009 WL 2778447 (2d Cir. 2009), the Second Circuit affirmed the district court's holding that the "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access." *Id.* at *2.  Likewise, in *Gelb v. Am. Tel. & Tel. Co.*, 813 F. Supp. 1022 (S.D.N.Y. 1993) (emphasis added), the court concluded "defendant's assertion that its competitors who do not now have this information could use it to do competitive injury to the defendants is, on the facts of this case, a sufficient basis to grant defendants' motion to seal." *Id.* at 1035.

Other federal courts have also concluded that the protection of confidential and proprietary business information from disclosure is appropriate and permissible in federal court.

*See, e.g.*, *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978); *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1073-74 (3d Cir. 1984); *Model Drug, Inc. v. Amerisourcebergen Drug Corp.*, Case No. 1:13-cv-01857, 2013 U.S. Dist. LEXIS 169496, at *4-5 (E.D. Cal. Nov. 26, 2013) (sealing "Vendor Agreements between Plaintiff and Defendant [which] contain[ed] trade secrets, including confidential pricing information and other terms that [were] not publicly or commercially available" since "disclosure of [such] proprietary information could cause a party competitive injury"); *Zenith Radio Corp. v. Matsushita Electric Indus. Co.*, 529 F. Supp. 866, 889-90 & n.42 (E.D. Pa. 1981).  The discrete and limited pieces of information that are at issue here meet these standards.

First, the document reflecting SafeRent's sources of criminal record information contains non-public, aggregated data that is proprietary to SafeRent and is proper to be sealed.  *Hill v. Xerox Corp.*, No. C12-0717-JCC, 2014 U.S. Dist. LEXIS 47949, at *3-4 (W.D. Wash. Apr. 7, 2014) ("The Court finds that it is appropriate to maintain under seal these documents because they contain confidential information related to how Defendants operate and maintain their call center.  Indeed, many of the documents contain enough detail that they are 'sources of business information that might harm Defendant's competitive standing' if revealed . . . .  [T]he documents contain details about Defendants' business operations that would primarily be of interest for Defendants' competitors."); *Yahiro v. Northwestern Mut. Life Ins. Co.*, 168 F. Supp. 2d 511, 512 (D. Md. 2001) ("Also pending are motions filed by both parties to file exhibits under seal.  Both motions relate to portions of Defendant's Disability Guidelines which Defendant considers as proprietary information.  For good cause shown, the motions will be granted.").

In fact, in a pending case filed by Plaintiff's counsel that also implicates SafeRent's criminal record database and sources of criminal records, the Court granted the request to seal documents reflecting SafeRent's sources of information on the basis of the non-public nature of

that proprietary information and the potential competitive disadvantage to SafeRent upon its disclosure. *Tyrone Henderson, et al., v. CoreLogic National Background Data, LLC*, 3:12cv97 (E.D. Va. 2014) (Dkt. Nos. 64, 75, 79).

The same is true with respect to the specific number of reports issued by SafeRent that contained a record from the NYDOC. That non-public data regarding the volume of SafeRent's reporting is confidential and could provide potential competitors with insight into the extent and nature of SafeRent's criminal record reporting activities. *See id.* Therefore, it should also be placed under seal. *See, e.g.*, *Muri v. Killeen*, No. 5:03CV00051, 2004 U.S. Dist. LEXIS 9080, at *11 (W.D. Va. May 18, 2004) ("It appearing to the court that the exhibits contain . . . potentially confidential and proprietary information, the court grants the motion [to place such documents under seal]."); *Walker Systems, Inc. v. Hubbell, Inc.*, 188 F.R.D. 428, 429 (S.D. W.Va. 1999) (stating where "information sought to be protected concerns documents that the parties in good faith believe contain trade secrets or other confidential information, and the orders are routinely agreed upon by the parties, such orders should be granted").

## CONCLUSION

For the above reasons, Defendants respectfully request that the Court grant its Consent Motion to Seal.

Dated: New York, New York
       June 12, 2015

>                               TROUTMAN SANDERS LLP
>
>                               By: /s/ Timothy J. St. George
>                               Christina H. Bost Seaton
>                               The Chrysler Building
>                               405 Lexington Avenue
>                               New York, NY 10174
>                               Tel.: (212) 704-6440
>                               Fax: (212) 704-5913

        Alan D. Wingfield (*pro hac vice*)
        David N. Anthony (*pro hac vice*)
        Timothy J. St. George (*pro hac vice*)
        1001 Haxall Point
        Richmond, VA 23219
        Tel:  (804) 697-1650
        Fax:  (804) 698-5118

        *Attorneys for Defendant*