UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                               :

ABDULLAH JAMES GEORGE WILSON,
on behalf of himself and others similarly     :
situated,
                                                               :

                      Plaintiffs,
                                                               :      C.A. No. 14-CV-2477 (JPO) (RLE)

          - against -
                                                                  :

CORELOGIC SAFERENT, LLC
                Defendant.          :

-------------------------------------------------------------x


# MEMORANDUM OF LAW IN SUPPORT OF
# PLAINTIFF'S MOTION FOR LEAVE TO FILE
# AMENDED CLASS ACTION COMPLAINT


LEGAL ACTION CENTER
225 Varick Street, Suite 402
New York, NY 10014

FRANCIS & MAILMAN
100 S. Broad Street, 19th Floor
Philadelphia, PA 19110

*Attorneys for Plaintiff*

# TABLE OF CONTENTS

A.  BACKGROUND ..................................................................................................................1

B.  STANDARD FOR GRANTING LEAVE TO AMEND ......................................................3

    1.  Rule 15(a)(2)..................................................................................................................3

    2.  Rule 16(b)(4)..................................................................................................................4

C.  ARGUMENT.......................................................................................................................6

    1.  The Proposed Amendment Adds Factual Allegations Gleaned From Discovery....6

    2.  Plaintiff Has Acted In Good Faith And There Has Been No Undue Delay ............7

    3.  Defendant Will Not Suffer Undue Prejudice ............................................................8

    4.  The Proposed Amendment Is Not Futile ..................................................................9

D.  CONCLUSION..................................................................................................................10

Plaintiff Abdullah James George Wilson filed this consumer class action on April 9, 2014. Following Defendant CoreLogic SafeRent, LLC's ("CoreLogic") answers to certain interrogatories and production of documents, Plaintiff now seeks leave to file an Amended Class Action Complaint, attached hereto as Exhibit A. This is the first time Plaintiff has sought leave to amend. Moreover, as set forth more fully below, the proposed amendments do not add new defendants, new legal claims, new counts, or new legal theories. Plaintiff simply seeks to add new allegations supporting his existing claims and to convert his individual New York claim to a class claim.

### A.     BACKGROUND

Plaintiff contended in his Complaint (Doc. 1) that Defendant CoreLogic systematically violates the federal Fair Credit Reporting Act ("FCRA") and the New York Fair Credit Reporting Act ("NY-FCRA") by reporting outdated, unreliable and obsolete public records. In addition to class claims (Counts I and II), Plaintiff's Complaint also included his own individual claims against CoreLogic under both the FCRA and the NY-FCRA (Counts III, IV and V).

CoreLogic filed a motion to dismiss the class claim under Count I of the Complaint. Doc. 13. Following a meet and confer, the parties stipulated to the dismissal of Count I of the Complaint and the denial of Defendant's motion to dismiss as moot, on August 4, 2014. Doc. 26. Defendant then filed an Answer to the Complaint on August 26, 2014. Doc. 31.

By Order of September 29, 2014, this case was referred to the Honorable Ronald L. Ellis for general pre-trial purposes. Doc. 33. A status conference was held on October 9, 2014. Following the conference, the parties submitted a proposed case management schedule on November 3, 2014. The Court approved that schedule by Order entered December 9, 2014 ("Scheduling Order"). Doc. 37.

Pursuant to paragraph 1 of the Scheduling Order, "applications to amend pleadings, including any amendment to the proposed class definition, must be made by December 15, 2014." Doc. 37 at ¶ 1. As such, the Scheduling Order, by its terms, provided Plaintiff with only six days to decide whether to seek leave to amend, long before Plaintiff could obtain any discovery from the Defendant. At the same time, the discovery deadline (except for certain specified topics) was set for seven months later, on July 11, 2015. *Id.* at ¶ 8. The deadline for Plaintiff's request for a pre-motion conference on his Motion for Class Certification, and the deadline for any pre-motion request for a motion for summary judgment, are both August 6, 2015. *Id*. at ¶¶ 11-12.

The parties exchanged written discovery requests in early February 2015, and provided responses in early April. Defendant's document production on April 7, 2015 included over 82,000 pages of documents. Plaintiff has noticed the Rule 30(b)(6) deposition of the Defendant for June 30, 2015, and Defendant has noticed the Plaintiff's deposition for July 2, 2015.

Based on discovery obtained after the entry of the Scheduling Order, Plaintiff now seeks leave to file an Amended Class Action Complaint. A copy of the Amended Class Action Complaint is attached hereto as Exhibit A, and a copy showing the tracked changes to the Complaint is attached as Exhibit B.

The proposed Amended Complaint does not raise any new claims new counts, new legal theories or name additional defendants. Instead, it simply removes allegations relating to the original, but later dismissed Count I, adds additional detail in support of Plaintiff's class claim under section 1681e(b) of the FCRA, expands on the class definitions in accordance with newly obtained evidence, and amends the existing individual claim of the Plaintiff under section 380-j(e) of the NY-FCRA to make it a class claim. The amendments are based on and relate to recent discovery of Defendant's uniform and systemic reliance, not on actual court records, but instead

on records of incarceration from the New York Department of Corrections ("NY DOC"), as its source of criminal court records from the State of New York. Exhibit A, Am. Compl. at ¶¶ 21, 27, 35, 39. Defendant's improper reliance on NY DOC was originally alleged in paragraph 45 of the Complaint in connection with Plaintiff's individual claim, as Plaintiff was aware that NY DOC was the source of the inaccurate and defamatory record reported about the Plaintiff. Thus, Defendant cannot say it did not have notice of the allegation of unlawful conduct. ▋

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬

### B.  STANDARD FOR GRANTING LEAVE TO AMEND

Plaintiff seeks leave to amend pursuant to both Rule 15(a)(2) (court should freely grant leave when justice so requires) and Rule 16(b)(4) (modifying a schedule). Different standards attach to each Rule.

#### 1.  Rule 15(a)(2)

Rule 15(a)(2) provides that in cases where a party cannot amend as a matter of course, a party may amend its pleading only with the opposing party's written consent or the court's leave. *Lucente v. Int'l Bus. Machs. Corp.,* 310 F.3d 243, 258 (2d Cir. 2002). Leave to amend is within the court's discretion. *Krupski v. Costa Crociere S. p. A.,* 560 U.S. 538 (2010) (Rule 15(a) gives a district court discretion to decide whether to grant a motion to amend a pleading before trial); *MHANY Mgmt. v. Cnty. of Nassau,* 843 F.Supp.2d 287, 340 (E.D.N.Y. 2012) (noting that "it is ultimately within the sound discretion of the court whether to grant leave to amend"). "Amendments are generally favored because they tend to facilitate a proper decision on the merits." *MHANY Mgmt.,* 843 F.Supp.2d at 340; *Allstate Ins. Co. v. Elzanaty,* 916 F.Supp.2d 273, 302 (E.D.N.Y. 2013) (same).

With respect to the Rule 15(a) factors, "[t]he party opposing the motion for leave to amend has the burden of establishing that an amendment would be prejudicial or futile." *See Cummings–Fowler v. Suffolk Cmty. Coll.,* 282 F.R.D. 292, 296 (E.D.N.Y. 2012), citing *Blaskiewicz v. Cnty. of Suffolk,* 29 F.Supp.2d 134, 137–38 (E.D.N.Y. 1998). In assessing futility, courts must analyze "whether a proposed pleading would be able to withstand a dispositive pretrial motion." *Themis Capital, LLC v. Democratic Republic of Congo,* No. 09-1652, 2013 WL 1687198, at *6 (S.D.N.Y. Apr. 18, 2013) (citing *Parker v.. Columbia Pictures Indus.*, 204 F.3d 326, 339 (2d Cir. 2000)); *Touchtunes Music Corp. v. Rowe Int'l Corp.,* 847 F.Supp.2d 606, 621 (S.D.N.Y. 2012).

**2.      Rule 16(b)(4)**

The purpose of Rule 16(b) is "to offer a measure of certainty in pretrial proceedings, ensuring that at some point both the parties and the pleadings will be fixed." *Parker*, 204 F.3d at 339–40. Thus, "[w]here a scheduling order has been entered, the lenient standard under Rule 15(a), which provides leave to amend 'shall be freely given,' must be balanced against the requirement under Rule 16(b) that the Court's scheduling order 'shall not be modified except upon a showing of good cause.'" *Grochowski v. Phoenix Constr.,* 318 F.3d 80, 86 (2d Cir. 2003); *see Parker,* 204 F.3d at 340; *Perfect Pearl Co. v. Majestic Pearl & Stone, Inc.,* 889 F.Supp.2d 453, 457 (S.D.N.Y. 2012). The balance between Rules 15(a) and 16(b) is necessary to prevent a scheduling order from undermining a court's ability to manage its docket. *Eberle v. Town of Southampton,* 985 F. Supp. 2d 344, 346-47 (E.D.N.Y. 2013).

Whether good cause exists under Rule 16(b)(4) turns on the "diligence of the moving party." *Parker,* 204 F.3d at 340. To show good cause, "the movant must demonstrate that it is has been diligent in its effort to meet the Court's deadlines." *Chrebet v. Cnty. of Nassau*, No. 09-4249, 2014 WL 1836835, at *11 (E.D.N.Y. May 8, 2014) (quoting *Sokol Holdings, Inc. v. BMD*

4

*Munai, Inc.,* No. 05-3749, 2009 WL 2524611, at *7 (S.D.N.Y. Aug. 14, 2009)). "In other words, the party must show that, despite its having exercised diligence, the applicable deadline could not have been reasonably met." *Sokol,* 2009 WL 2524611, at *8 (citing *Parker,* 204 F.3d at 340); *Rent—A—Center Inc. v. 47 Mamaroneck Ave. Corp.,* 215 F.R.D. 100, 104 (S.D.N.Y. 2003). "A party fails to show good cause when the proposed amendment rests on information 'that the party knew, or should have known, in advance of the deadline.'" *Perfect Pearl,* 889 F.Supp.2d at 457, quoting *Sokol,* 2009 WL 2524611, at *8; *Lamothe v. Town of Oyster Bay,* No. 08-cv-2078, 2011 WL 4974804, at *5–6 (E.D.N.Y. Oct.19, 2011).

While diligence is the primary consideration in the good cause analysis, it is not the only consideration. *See Kassner v. 2nd Ave. Delicatessen Inc.,* 496 F.3d 229, 244 (2d Cir. 2007) (addressing application of Rule 16(b) to situation where Rule 15(a) would otherwise permit amendment as of right). "The district court, in the exercise of its discretion under Rule 16(b), also may consider other relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants." *Id.; see Hernandez v. Immortal Rise, Inc.,* No. 11-cv-4360, 2013 WL 1703529, at *1 (E.D.N.Y. Apr. 19, 2013); *Ritchie Risk Limited Strategies Trading (Ireland), Ltd. v. Coventry First LLC,* 282 F.R.D. 76, 79 n. 2 (S.D.N.Y. 2012).

Leave to amend may also be denied where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Williams v. Citigroup Inc.,* 659 F.3d 208, 213–214 (2d Cir. 2011) (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)); *SCS Commc'n, Inc. v. Herrick Co., Inc.,* 360 F.3d 329, 345 (2d Cir. 2004).

5

C.  **ARGUMENT**

   1.  **The Proposed Amendment Adds Factual Allegations Gleaned From Discovery**

Plaintiff served written discovery on Defendant on February 2, 2015.  After obtaining Plaintiff's agreement for an extension of time, Defendant responded on April 6, 2015.  For purposes of this Motion, Defendant provided two discovery responses[1] that support granting Plaintiff's motion to amend his Complaint.

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████████████. Defendant's Answer to Interrogatory 17; document bates labeled CL-W0082146.  ████████████

██████████████████████████████████████████████████████████

████████████████████████████████ A copy of Defendant's Verified Answer to Interrogatory 17 and the relevant page of the document bates labeled CL-W0082146 are attached hereto as Exhibit C.

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████. Defendant's Verified Answer to Interrogatory 6, attached hereto as Exhibit D.

While Plaintiff was aware that Defendant's report about him had been based on NY DOC website information, ████████████████████████████████████████

---

[1] While the parties are still negotiating a final form of protective order, Defendant has designated both responses as confidential. On June 12, 2015, Defendant filed a Consent Motion seeking permission for these materials to be filed under seal. *See* Docs. 46-47. Out of an abundance of caution, the electronically filed version of this Motion and the accompanying exhibits have been redacted pending the Court's resolution of the Consent Motion.  Clean versions will be presented under seal to the Clerk of the Court, with a chambers copy to the Honorable Ronald L. Ellis, by overnight delivery.

██████████████████████████████████████████████████████████████

██████████. Plaintiff would have had little basis to assert a national or state class based upon Defendant's reliance on NY DOC prior to discovery. ████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████. Thus, what was originally pled as an individual claim in Count III of the Complaint is now appropriate to pursue as a claim on behalf of two classes of consumers, one nationwide under the FCRA, and one New York state class under the NY-FCRA. Exhibit A, Am. Compl. at Count II.

### 2. Plaintiff Has Acted In Good Faith And There Has Been No Undue Delay

Plaintiff has acted diligently and in good faith by seeking leave to amend as soon as possible following Defendant's document production. Without a careful review of the document production, Plaintiff had no way of identifying Defendant's sources of criminal records ████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████████████ Exhibit C. ██████████

████████████████████████████████████████████████████████████████

████████████████████████████████████. Because Plaintiff did not receive the relevant documents until nearly five months after the deadline for seeking leave to amend, Plaintiff could not reasonably have met the deadline. *Sokol,* 2009 WL 2524611, at *8.

After taking the time reasonably necessary to review Defendant's extensive 82,000-page production, Plaintiff promptly conferred with Defendant and sought its consent to make his

7

proposed amendments prior to seeking leave from the Court. Defendant declined to consent, leading to the pre-motion letters that were the subject of the conference held on June 8, 2015.

Although Plaintiff need not finally identify the classes for which he wishes certify class claims until his motion for class certification,[2] Plaintiff proactively seeks to identify his class claims while time still remains in discovery, for the benefit of both parties and in the interest of the efficient litigation of this matter. Plaintiff has acted diligently, and anticipates that his proposed amendment will not affect the remaining case deadlines.

### 3. Defendant Will Not Suffer Undue Prejudice

Since the filing of the Complaint, Defendant has had notice of the nature of Plaintiff's legal theory, including his claim under NY-FCRA section 380j(e), that reliance on NY DOC as a source of criminal records is not reasonably designed to assure maximum possibly accuracy. As such, conversion of this claim to a class claim will not unduly prejudice the Defendant. Moreover, granting Plaintiff leave to file the Amended Complaint will not require the parties to engage in significant new preparation, or result in a more complicated or lengthy trial.

Turning Plaintiff's existing NY-FCRA section 380j(e) claim into a class claim will not require any more discovery than Plaintiff will be taking in any event. Plaintiff will not be issuing any new written discovery requests or deposing any additional witnesses other than those currently

---

[2] *Brooklyn Ctr. for Independence of the Disabled v. Bloomberg,* 287 F.R.D. 240, 250 (S.D.N.Y. 2012) (district courts have the power to amend class definitions as well as the duty to ensure that the class is properly constituted and the broad discretion to modify the class definition as appropriate to provide the necessary precision). *See also LaRocque v. TRS Recovery Servs., Inc.,* 285 F.R.D. 139, 152 (D. Me. 2012) (class representative may seek to certify all or only certain selected claims at her election); *Chakejian v. Equifax Info. Servs., LLC*, 256 F.R.D. 492, 497 (E.D. Pa. 2009) (neither class representative nor court bound by the proposed class definitions set in the complaint); Fed. R. Civ. P. 23(c)(1) (class definitions may change at any time throughout the course of litigation); *Bafus v. Aspen Realty, Inc*., 236 F.R.D. 652, 655 (D. Idaho 2006).

contemplated. However, even the need for minor additional discovery is not sufficient to constitute prejudice. *Hernandez*, 2013 WL 1703529, at *5. A class claim under NY-FCRA section 380j(e) will be proved by substantially the same evidence as Plaintiff's existing individual claim, and much of this evidence has already been exchanged by the parties, and was already contemplated in Plaintiff's Rule 30(b)(6) notice of deposition to Defendant, which has not yet taken place. The third parties that Plaintiff intends to depose will also not change. A trial on Plaintiff's claims as currently pled will already involve resolution of class claims, and the conversion of an individual existing claim, which is related both factually and legally to existing class claims, to a class claim will not substantially alter the complexity or length of trial. Plaintiff simply seeks to provide Defendant and the Court with ample notice of his proposed class claims well in advance of the close of class certification discovery, class certification briefing, and dispositive motions. The proposed amendment will cause no undue prejudice, and the requested leave should be granted.

### 4. The Proposed Amendment Is Not Futile

During the pre-motion conference held on June 8, 2015, defense counsel suggested to the Court that amendment should not be permitted because it would be futile, though he did not provide an explanation as to why that might be. Defendant gave no rationale for this conclusion, nor could it have done so.

The proposed amendments do not change Plaintiff's claim or legal theory under section 380j(e); Plaintiff merely seeks to make it a claim on behalf of a class of similarly situated consumers. Amended Complaint, ¶¶ 25(b), 37-40. Defendant did not move to dismiss the claim when Plaintiff asserted it as an individual claim (instead, moving only to dismiss Count I of the Complaint, a count which Plaintiff then withdrew, and the motion to dismiss was denied as moot.

9

Doc. 26). If Defendant had insufficient basis for moving to dismiss the individual claim under section 380j(e), it should have no principled rationale for challenging the same claim brought on behalf of a class.

## D. CONCLUSION

For all these reasons, Plaintiff Wilson respectfully requests relief in the form set forth in the attached proposed Order, permitting him leave to file his Amended Class Action Complaint.

Dated: June 15, 2015

Respectfully submitted,

**LEGAL ACTION CENTER**
Monica Welby (MW-7373)
Sally Friedman (SF-3344)
225 Varick Street, Suite 402
New York, NY 10014
Tel: (212) 243-1313
Fax: (212) 675-0286
Email: mwelby@lac.org
       sfriedman@lac.org

**FRANCIS & MAILMAN**
By: *s/ James A. Francis*
James A. Francis (*pro hac vice*)
John Soumilas (*pro hac vice*)
David A. Searles (*pro hac vice*)
100 S. Broad Street, 19th Floor
Philadelphia, PA 19110
Tel: (215) 735-8600
Fax: (215) 940-8000
Email: jfrancis@consumerlawfirm.com
       jsoumilas@consumerlawfirm.com
       dsearles@consumerlawfirm.com

*Attorneys for Plaintiff and the Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically and served by U.S. Mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by facsimile to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's EM/ECF System.

Dated:  June 15, 2015                                              By: */s/ James A. Francis*
                                                                                James A. Francis