UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ABDULLAH JAMES GEORGE WILSON,              :
                                           :
                 Plaintiff,         :
                                           :     14-CV-2477 (JPO)
          -v-                              :
                                           :     OPINION AND ORDER
CORELOGIC SAFERENT, LCC,                   :
                                           :
                Respondent.   :
------------------------------------------------------------X

J. PAUL OETKEN, District Judge:

      Plaintiff Abdullah James George Wilson ("Wilson") commenced this action on April 9, 2014, by filing the Complaint against Defendant CoreLogic SafeRent, LLC ("CoreLogic"). (Dkt. No. 2.) On September 29, 2014, the Court referred this matter to United States Magistrate Judge Ronald L. Ellis for general pretrial supervision. (Dkt. No. 33.) On June 15, 2015, Wilson moved for leave to file an amended complaint. (Dkt. No. 48.) On August 12, 2015, Judge Ellis filed a Report and Recommendation (the "Report") concluding that Wilson's motion for leave to amend should be denied. (Dkt. No. 62.) Thereafter, Wilson filed objections to the Report and the parties submitted supportive briefing.[1] (Dkt. Nos. 63, 65, 68.) The Court has reviewed the record in this case, the Report, Wilson's Objections, and the parties' other memoranda of law. For the reasons that follow, the Report is adopted in full and Wilson's motion for leave to amend is denied.

**I.  Discussion**

      When reviewing the report and recommendation of a magistrate judge, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

---

[1] Familiarity with the facts and procedural history of this case is presumed. (*See* Dkt. No. 62.)

1

magistrate judge." 28 U.S.C. § 636(b)(1).  "The Court reviews the Report strictly for clear error where no objection has been made and will make a *de novo* determination regarding those parts of the Report to which objections have been made." *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009).  However, where objections are "merely perfunctory responses . . . rehashing [] the same arguments set forth in the original petition" and not "specific and clearly aimed at particular findings in the magistrate judge's proposal," de novo review is inappropriate. *Id*. (citations and internal quotation marks omitted).

    A.    **Legal Standard**

Under Federal Rule of Civil Procedure 15(a), courts "should freely give leave [to amend a pleading] when justice so requires."  Generally, "a district court has discretion to deny leave for good reason, including futility, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).  But once a court has issued a scheduling order to govern the course of litigation pursuant to Federal Rule of Civil Procedure 16, such an order "may be modified only for good cause." Fed. R. Civ. P. 16(b). Thus, "despite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) (Sotomayor, J.).  It must be so, for "if we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Id.* (quoting *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (per curiam)).

Under the scheduling order, Wilson's deadline to amend his Complaint was December 15, 2014. (Dkt. No. 37.) Wilson filed his motion to amend six months after that deadline and shortly before the close of all discovery. (Dkt. Nos. 48, 52) As a result, Wilson's motion squarely implicates Rule 16. Judge Ellis recommended denial of Wilson's motion under the more liberal standard of Rule 15(a). (See Dkt. No. 62 at 2.) The Court agrees in full with Judge Ellis' analysis that Wilson is not entitled to leave to amend under Rule 15(a), and the Court also concludes that Wilson has failed to demonstrate the "good cause" necessary to modify a scheduling order under Rule 16.

### B. Good Cause

"A finding of good cause" under Rule 16 "depends upon the diligence of the moving party." *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003) (citation omitted). In other words, to demonstrate good cause, a movant must show that "despite its having exercised diligence, the applicable deadline could not have been reasonably met." *Oscar v. BMW of N. Am.*, 09-CV-11, 2011 WL 6399505, at *2 (S.D.N.Y. Dec. 20, 2011) (citation and internal quotation marks omitted). A plaintiff seeking leave to amend a pleading fails to show good cause when all the information necessary to support the proposed amendment was in the plaintiff's possession when the action was commenced, and "nothing . . . learned in discovery or otherwise altered that fact." *Parker*, 204 F.3d at 341; *see Oscar*, 2011 WL 6399505, at *2. In addition to party diligence, "[t]he district court, in the exercise of its discretion under Rule 16(b), also may consider other relevant factors including . . . whether allowing the amendment of the pleading . . . will prejudice defendants." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007).

As relevant here, Wilson seeks leave to amend the complaint to "add[] additional detail in support of Plaintiff's class claim under section 1681e(b) of the [Fair Credit Reporting Act ("FCRA")], expand[] on the class definitions . . . and amend[] the existing individual claim of the Plaintiff under section 380-j(e) of the [New York Fair Credit Reporting Act ("NY-FCRA")] to make it a class claim." (Dkt. No. 63 at 4.)  Wilson asserted an individual claim in his initial Complaint based on the fact that CoreLogic relied on records from the New York Department of Corrections ("DOC") "as its primary source of criminal court records from the State of New York." (*Id.* at 6.)  Wilson contends that "what was originally pled as an individual claim in Count III of the Complaint is now appropriate to pursue as a claim on behalf of two classes of consumers, one nationwide under the FCRA, and one New York state class under the NY-FCRA." (*Id.* at 13.)

In explaining the delay in seeking amendment, Wilson chiefly argues that "it was not until Defendant responded to discovery that Plaintiff learned that the same [individual] claim and theory of liability applied to" a class of consumers.  (*Id.* at 6.)  Wilson contends that, at the time of the filing of the Complaint, he would not have had a good-faith basis in conformity with Rule 11 of the Federal Rules of Civil Procedure for asserting a class-based claim.  (Dkt. No. 63 at 15.)  But it is difficult to square Wilson's argument that discovery revealed the ground for amendment with the good-faith basis that must have existed for Plaintiff to have pleaded any nationwide class at the outset of this case.  As Wilson alleged in his Complaint, his individual claim could be resolved alongside "numerous [other] individual claims based upon a single set of proof in a unified proceeding." (Dkt. No. 2 ¶ 30.)  In other words, the Complaint was "predicated upon the *uniformity* of Plaintiff's circumstances to the other consumers he also alleged were in the class." (Dkt. No. 65 at 14.)  In any event, Rule 11 provides that a pleading may contain "factual

contentions . . . if specifically so identified" that do not yet but "will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). The flexible requirements of Rule 11 were no barrier to Wilson's pleading these other class-based claims at the outset. Because the information necessary to support the proposed class claim was in Wilson's possession when the action was commenced, Judge Ellis determined that Wilson acted with undue delay in filing his motion to amend. (Dkt. No. 62 at 4.) For the same reason, Wilson has failed to show the requisite diligence necessary to constitute good cause under Rule 16. *Parker*, 204 F.3d at 341.

Judge Ellis also determined that amendment would prejudice CoreLogic because amendment would necessitate the reopening of discovery and thus "would result in a substantial delay in the resolution of this case" and "additional expense." (Dkt. No. 62 at 5.) The Court adopts in full Judge Ellis' analysis. Wilson objects that the addition of a new class-based claim "will not require the parties to engage in significant new preparation, or result in a complicated or lengthy trial." (Dkt. No. 63 at 16.) He further states that he "will not be issuing any new written discovery or deposing any additional witnesses" as a result of the new claim. (*Id.*) Even if the Court were inclined to credit the promise that no new discovery requests from Wilson will be forthcoming, Wilson has not accounted for, among other things, the burden and expense of discovery that CoreLogic would be motivated to serve in the event that leave to amend is granted. The prejudice that CoreLogic would face in the event of amendment is an additional, although not a determinative, factor in the Court's conclusion that Wilson has failed to show good cause.

## II. Conclusion

For the foregoing reasons, Judge Ellis' well-reasoned Report and Recommendation (Dkt No. 62) is ADOPTED in full and Wilson's motion for leave to amend is DENIED. Wilson's request that, in the alternative, "he be permitted to move for certification of the NY-FCRA section 380-j(e) class set forth in the proposed Amended Complaint following the completion of discovery" is also DENIED.

The Clerk of Court is directed to close the motion at docket number 48.

Dated: February 8, 2016
New York, New York

_____
J. PAUL OETKEN
United States District Judge