USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-24-16

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **ABDULLAH JAMES GEORGE WILSON,** | : |
| **Plaintiff,** | : |
| - against - | : |
| **CORELOGIC SAFERENT, LLC** | : |
| **Defendant.** | : |

**MEMORANDUM**
**OPINION & ORDER**

**14-CV-2477 (JPO) (RLE)**

**RONALD L. ELLIS, United States Magistrate Judge:**

## I.  INTRODUCTION

Plaintiff Abdullah James George Wilson ("Wilson") brings this action, on behalf of

himself and all others similarly situated, against CoreLogic SafeRent, LLC ("SafeRent"),

alleging violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA") and the

New York Fair Credit Reporting Act, N.Y. Gen. Bus. § 380 *et seq.* ("NY-FCRA"). (Doc. No. 2.)

This case was referred to the undersigned for general pretrial. (Doc. No. 33.) Following an April

26, 2016 status conference, SafeRent filed a letter-motion (1) to compel Wilson to produce

documents, and (2) for a protective order with respect to information that Wilson seeks to obtain

through a Federal Rule of Civil Procedure 30(b)(6) deposition of SafeRent's corporate

representative. (Doc. No. 78.) For the following reasons, SafeRent's motion is **GRANTED** in

part and **DENIED** in part.

## II.  BACKGROUND

Wilson's Complaint alleges that SafeRent, a nationwide consumer reporting agency,

"reported unlawful and inaccurate information" to a leasing agent after Wilson was offered a

lease on an apartment in the Bronx, New York. (Doc. No. 2.) Wilson claims that SafeRent

violated NY-FCRA by disclosing his race, and violated FCRA by reporting that he had been

convicted of felony robbery in 1995 when, in fact, the conviction had been vacated and the charges dismissed and sealed in 2009. (*Id.* at ¶ 20-21.) Wilson was notified that his application for the apartment had not been approved based on the information contained in SafeRent's report. (*Id.* at ¶ 23.) Wilson alleges that he attempted to dispute the inaccurate information contained in the report by contacting SafeRent, but the messages he left on SafeRent's automated telephone system were never returned. (*Id.* at ¶ 24.) He claims that as a result of SafeRent's actions, he suffered actual damages including, but not limited to, "loss of opportunity for housing, damage to reputation, embarrassment, humiliation, and other mental, physical, and emotional distress." (*Id.* at ¶ 53.)

Wilson's Complaint also makes class action allegations under Federal Rules of Civil Procedure 23(a) and 23(b)(3). The Complaint defines two classes as "all consumers" as to whom SafeRent: (1) "reported or maintained in its files the race of the consumers" (residents of the State of New York only); and (2) "reported a public record or criminal record that had been expunged, vacated, sealed, or dismissed prior to the date of the report in connection with an application for a residential lease or tenancy, employment or credit." (*Id.* at ¶ 25.)

### III. DISCUSSION

**A. SafeRent's Motion to Compel**

In 2012, Wilson sued the City of New York and city officials involved with the arrest and prosecution of the now-vacated robbery offense in New York Supreme Court, Queens County ("Queens County Action"), alleging damages arising from his wrongful conviction. SafeRent seeks documents connected to the Queens County Action that have not been publically filed, including transcripts of Wilson's deposition and his written discovery responses. (Doc.  No. 78.)

2

Under Rule 26(b) of the Federal Rules of Civil Procedure, the scope of discovery is limited to "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," where "the burden of the proposed discovery" is not "outweigh[ed] [by] its likely benefit." Fed. R. Civ. P. 26(b)(1). SafeRent argues that the Queens County Action discovery is relevant to Wilson's current damages claims "[b]ecause the state court action concerned the criminal conviction at issue here, [and] it likely explored issues relating to the efforts to have the underlying conviction reversed and sealed. The same issues are present here." (Doc. No. 78.)

Wilson argues in opposition that the Queens County Action materials are irrelevant to his claims in the present action because "not only are the defendants different, but the claims pursued … in that case are completed different from the ones asserted here." (Doc. No. 79.) His "efforts to have the underlying conviction reversed and sealed" are not material to the current case because it is "undisputed" that "the conviction was sealed and vacated at the time of [SafeRent's] report." (*Id.*) Moreover, he asserts that because neither he nor his counsel in this case have the deposition transcripts or written discovery in their possession, "the time, expense, and effort that would be necessary" to obtain and review them "is not proportional to the needs of the case and substantially outweighs their "minimal relevance." (*Id.*)

The Court finds that SafeRent has not demonstrated the relevance of the Queens County Action discovery to Wilson's claims in this case. Wilson's damages in his case against SafeRent would be limited to those caused by SafeRent's actions with respect to reporting the vacated conviction. Although both lawsuits relate to the collateral consequences of Wilson's felony conviction, SafeRent's allegation that the discovery material would contain any information relevant to Wilson's claim for damages here is, at best, speculative. SafeRent has not provided

any basis for its contention that Wilson would have produced any information relevant to those damages to the City of New York within the context of the Queens County Action. Accordingly, SafeRent's motion to compel is **DENIED**.

**B. SafeRent's Motion for Protective Order**

SafeRent also moves for a protective order to avoid giving testimony on two topics during Wilson's Federal Rule of Civil Procedure 30(b)(6) deposition of its corporate representative. The first, Topic No. 12, seeks testimony on "SafeRent's matching criteria for including adverse criminal or public record information on a consumer report." (Doc. No. 78, Ex. A.) SafeRent argues that its matching criteria—the "proprietary" process by which SafeRent "matches" public records to individuals' identifying information—is not relevant to Wilson's claim that SafeRent improperly reported a felony conviction that belonged to him, but was later vacated. (Doc. No. 78.) SafeRent also argues that it is not relevant to the putative class definition as pled, which includes "all consumers ... as to whom [SafeRent] ... reported a public record or criminal record that had been expunged, vacated, sealed, or dismissed prior to the date of the report[.]" (*Id.*) Wilson argues that he is entitled to information about the matching process because SafeRent's "procedures came up lacking when it improperly reported a sealed and vacated conviction." (Doc. No. 79.) The Court agrees with SafeRent that the matching criteria does not appear to be relevant to Wilson's present claim, where he does not contest that the conviction was mismatched to his identity, but rather that the conviction was reported after it had been vacated. Accordingly, SafeRent's motion for a protective order with respect to Topic. No. 12 is **GRANTED**.

The second topic at issue, Topic No. 14, seeks testimony regarding "[t]he protocol, procedures, and processes [SafeRent] utilizes for addressing consumer disputes relating [to] the consumer reports it generates and issues." (Doc. No. 78, Ex. A.) SafeRent also objects to the

4

substance of Topic No. 15, which seeks "[t]he databases, servers, systems, and software used by SafeRent to process and track consumer disputes relating [to] the consumer reports it generates." (*Id.*).

SafeRent argues that these deposition topics are overbroad in that they seek "information regarding the processes used to handle the disputes of third-party consumers, whereas the claims in this action that implicate SafeRent's dispute processes ... have been pled only on an individual basis." (Doc. No. 78.) SafeRent contends that its representative should only be required to discuss "the procedures that were applied with respect to Plaintiff's communications with SafeRent about the record at issue, but not with respect to any other consumer." (*Id.*)

In opposition, Wilson argues that he is entitled to discovery on the procedures because if the evidence shows that SafeRent failed to follow its own policies, or adopted policies that recklessly disregarded the rights of consumers, Wilson could prove that its actions were negligent and willful under sections 1681n and 1681o of the FCRA, an essential element of the class claim. (Doc. No. 79.) The Court agrees that this information is relevant to the class claim. The Court further notes that SafeRent's dispute processes are also relevant to Wilson's individual claim that SafeRent violated 15 U.S.C. § 1681i(a) by failing to conduct a "reasonabl[e]" reinvestigation into the disputed conviction. (*See* Doc. No. 1 at ¶ 52.) Evidence of SafeRent's procedures for resolving disputes in general bears on the reasonableness of SafeRent's actions with respect to Wilson. As SafeRent does not allege that this testimony would be burdensome to provide, its motion for a protective order with respect to Topic. Nos. 14 and 15 is **DENIED**.

### IV. CONCLUSION

**IT IS HEREBY ORDERED THAT**

(1) SafeRent's motion to compel Wilson to produce non-public documents pertaining to the Queens County Action is **DENIED**;

(2) SafeRent's motion for a protective order prohibiting Rule 30(b)(6) questioning regarding SafeRent's matching criteria (Topic No. 12) is **GRANTED**;

(3) SafeRent's motion for a protective order prohibiting Rule 30(b)(6) questioning regarding SafeRent's dispute-handling processes (Topic. No. 14) and the software used to track disputes (Topic No. 15) is **DENIED**; and

(4) All discovery shall be completed by **June 24, 2016**.

**SO ORDERED this 23rd day of May 2016**
**New York, New York**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**