**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------- x
                     :

**ABDULLAH JAMES GEORGE WILSON,**
**on behalf of himself and others similarly**
**situated,**

            **Plaintiffs,**

         **- against -**

**CORELOGIC SAFERENT, LLC**

         **Defendant.**

-------------------------------------------------------------- x

**C.A. No. 14-CV-2477 (JPO) (RLE)**

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

**LEGAL ACTION CENTER**
Monica Welby (MW-7373)
Sally Friedman (SF-3344)
225 Varick Street, Suite 402
New York, NY  10014
Tel: (212) 243-1313
Fax: (212) 675-0286
mwelby@lac.org
sfriedman@lac.org

**FRANCIS & MAILMAN, P.C.**
James A. Francis (*pro hac vice*)
David A. Searles (*pro hac vice*)
Lauren Brennan *(pro hac vice)*
100 S. Broad Street, Suite 1902
Philadelphia, PA 19110
Tel: (215) 735-8600
Fax: (215) 940-8000
jfrancis@consumerlawfirm.com
dsearles@consumerlawfirm.com
lbrennan@consumerlawfirm.com

Dated: February 9, 2017

## TABLE OF CONTENTS

I.     INTRODUCTION ........................................................................................1

II.    FACTUAL BACKGROUND .......................................................................3

    A.    The Relevant Duties Of CRAs Under The FCRA ...............................3

    B.    SafeRent's Common Practices And Procedures ...................................3

    C.    Plaintiff's Experience With SafeRent's Common Unlawful Practices...................7

    D.    The Class Of Similarly Situated Persons ...............................................9

III.    ARGUMENT .............................................................................................10

    A.    General Legal Standards Governing Class Certification .....................10

    B.    The Proposed Class Satisfies The Requirements Of Rule 23(a)...........11

        1.    The Class Is So Numerous That Joinder of All Members Is Impracticable....................................................................11

        2.    There Are Questions of Law and Fact Common to the Class...................12

        3.    The Claims of Mr. Wilson Are Typical of the Claims of the Class..........14

        4.    The Plaintiff Will Fairly and Adequately Protect the Interests of the Class ......................................................15

    C.    The FCRA Section 1681e(b) Claim Meets The Requirements Of Rule 23(b)(3) ....................................................................17

IV.    CONCLUSION..........................................................................................19

i

## TABLE OF AUTHORITIES

### CASES

*Acosta v. Trans Union LLC,* 243 F.R.D. 377 (C.D. Ca. 2007)................................................ 12, 18

*Bafus v. Aspen Realty, Inc.,* 236 F.R.D. 652, 655 (D. Idaho 2006) .................................2

*Barel v. Bank of Am.,* 255 F.R.D. 393 (E.D. Pa. 2009) ................................................ 17

*Beaudry v. Telecheck Servs., Inc.,* 579 F.3d 702 (6th Cir. 2009) ................................ 14

*Berry v. LexisNexis Risk & Info. Analytics Group, Inc.,* 2014 WL 4403524 (E.D. Va. Sept. 5, 2014)........................................................................................................17

*Berry v. Schulman,* 807 F.3d 600 (4th Cir. 2015)......................................................... 17

*Blackie v. Barrack,* 524 F.2d 891 (9th Cir. 1975)......................................................... 17

*Califano v. Yamasaki,* 442 U.S. 697 (1979) ................................................................. 13

*Chakejian v. Equifax Info. Servs., LLC,* 256 F.R.D. 492 (E.D. Pa. 2009)......................2

*Clark v. Experian Information Solutions, Inc.,* 2001 WL 1946329 (D.S.C. March 19, 2001) ....................................................................................................................13, 18

*Comer v. Cisneros,* 37 F.3d 775 (2d Cir. 1994)....................................................... 12, 14

*Consol. Rail. Corp. v. Town of Hyde Park,* 47 F.3d 473 (2d Cir. 1995) ....................... 11

*Deposit Guar. Nat'l Bank v. Roper,* 445 U.S. 326 (1980)............................................. 11

*In re Drexel Burnham Lambert Group, Inc.,* 960 F.2d 285 (2d Cir. 1992)..............11, 15

*Fischl v. GMAC,* 708 F.2d 143 (5th Cir. 1983) ............................................................ 14

*Gen. Tel. Co. of Southwest v. Falcon,* 457 U.S. 147 (1982)......................................... 14

*Green v. Wolf Corp.,* 406 F.2d 291 (2d Cir. 1968)........................................................ 19

*Gulf Oil Co. v. Bernard,* 452 U.S. 89 (1981)................................................................ 11

*In re Initial Public Offering Securities Litig.,* 471 F.3d 24 (2d Cir. 2006)................... 10

*Lake v. First Nationwide Bank,* 156 F.R.D. 615 (E.D. Pa. 1994)................................. 18

*LaRocque v. TRS Recovery Servs., Inc.,* 285 F.R.D. 139 (D. Me. 2012)........................2

*Lewis v. Curtis,* 671 F.2d 779 (3d Cir. 1982) ............................................................... 15

*Marisol A. v. Giuliani*, 126 F.3d 372 (2d Cir. 1997) .................................................. 10, 12, 14, 19

*Moreland v. CoreLogic SafeRent LLC*, 2013 WL 5811357 (C.D. Ca. Oct. 25, 2013).................. 1

*Murray v. GMAC Mortgage Corp.*, 434 F.3d 948 (7th Cir. 2006) ................................................ 14

*In re Nassau County Strip Search Cases*, 461 F.3d 219 (2d Cir. 2006) ...................................... 13

*Patel v. Trans Union, LLC*, 308 F.R.D. 292  (N.D. Ca. 2015) ............................................... 12, 18

*Petrolito v. Arrow Financial Services, LLC*, 221 F.R.D. 303 (D. Conn. 2004) ...........................13

*Radcliffe v. Experian Information Solutions, Inc.*, 818 F.3d 537 (9th Cir. 2016) ...................... 17

*Ramirez v. Trans Union, LLC*, 301 F.R.D. 408 (N.D. Ca. 2014) .......................................... 12, 18

*Rivera v. Fair Chevrolet Geo Partnership*, 165 F.R.D. 361 (D. Conn. 1996) ........................... 12

*Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590 (2d Cir. 1986) ................................................ 14

*Savino v. Computer Credit Corp.*, 173 F.R.D. 346 (E.D.N.Y. 1997)........................................... 12

*In re Visa Check/MasterMoney Antitrust Litigation*, 280 F.3d 124 (2d Cir. 2001)......................17

*Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338 (2011) ................................................................ 2

*White v. Experian Info. Solutions*, 2014 WL 1716154 (C.D. Cal. May 1, 2014) ........................ 17

## STATUTES

Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ............................................................ *passim*

15 U.S.C. § 1681a(f) ............................................................................................. 1

15 U.S.C. § 1681e(b) ................................................................................... *passim*

15 U.S.C. § 1681n...................................................................................................... 13

## RULES

Fed. R. Civ. P. 23 ....................................................................................................... *passim*

Fed. R. Civ. P. 23(a) ................................................................................... 1, 10, 11

Fed. R. Civ. P. 23(a)(1)...................................................................................... 11

Fed. R. Civ. P. 23(a)(2) ................................................................................. 11, 12

Fed. R. Civ. P. 23(a)(3)...................................................................................... 13

Fed. R. Civ. P. 23(a)(4).............................................................................................. 13, 14

Fed. R. Civ. P. 23(b) ..................................................................................................1, 10

Fed. R. Civ. P. 23(b)(3)............................................................................................. 10, 17

Fed. R. Civ. P. 23(c)(1).................................................................................................2

# I.    INTRODUCTION

Plaintiff Abdullah James George Wilson respectfully submits this Memorandum in support of his Motion for Class Certification pursuant to Rules 23(a) and (b) of the Federal Rules of Civil Procedure, seeking certification of this action as a class action, on behalf of himself as class representative and his counsel as Class Counsel.

This is a consumer class action under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA"), brought on behalf of consumers who were the subject of background screening reports performed by Defendant CoreLogic SafeRent, LLC ("SafeRent").  SafeRent is one of the country's largest background screening companies, and is a "consumer reporting agency" ("CRA") as defined by the FCRA.[1]  As a result of its status as a CRA, SafeRent has certain strict and non-delegable duties under the FCRA.

At issue here is SafeRent's obligation to follow reasonable procedures to assure maximum possible accuracy in the consumer reports that it prepares for its customers.  15 U.S.C. § 1681e(b). Defendant has maintained a practice of knowingly and deliberately failing to obtain the current status of criminal records of consumers to eliminate expunged, vacated, dismissed or sealed cases that are not allowed to be reported.

As outlined in detail below, the nature of the claim presented and the evidentiary record developed make Plaintiff's section 1681e(b) claim easily suited for class certification. The distinct legal claim presented for certification targets a discrete, specific practice involving an easily

---

[1]     There is little question that SafeRent is a consumer reporting agency within the meaning of the FCRA.  15 U.S.C. § 1681a(f).  Defendant has admitted that it sells reports about individuals throughout the United States, that its reports contain information about the consumers and that the information it sells contain criminal and other records used by landlords in making decisions for apartment leases.  Answer (Doc. 31), at ¶¶ 7-11.  *See also Moreland v. CoreLogic SafeRent LLC*, 2013 WL 5811357 (C.D. Ca. Oct. 25, 2013).

ascertainable class of consumers, and carries a recovery of statutory damages regardless of injury or causation, and the class definition is narrow and precise.

The record established during discovery supports certification of the following class of consumers (the "Class"):

> All consumers who were the subject of a consumer report prepared by Defendant CoreLogic SafeRent, LLC from April 9, 2012 to the present, who subsequently disputed to Defendant that the report contained one or more items of criminal or public record information which had been expunged, vacated, sealed, dismissed, or otherwise removed from the public record, prior to the date of the report, and Defendant's comments in connection with the dispute included the root terms "unable to verify"; "remov!"; "delet!"; "elim!"; or, "eras!" or any iteration of those root terms.[2]

REDACTED *See* Declaration of James A. Francis ("Francis Dec."), filed herewith, at Exhibit 1, Defendant's Supplemental Responses to Plaintiff's First Set of Interrogatories, No. 3.

The unlawful practices affecting this Class are standardized and largely automated. Federal courts have certified classes in similar contexts involving uniform procedure and common practices, making this matter eminently suitable for class treatment. There is no reason to have hundreds of trials predicated upon the same basic facts. Thus, this matter should be certified as a class action.

---

[2]   The Court will note that the proposed class definition varies from the definition set forth in the Complaint. This tailoring is appropriate and contemplated by Rule 23 in that it results from the discovery obtained, which allows Plaintiff to more precisely define the Class, and does not result in any substantial expansion. Indeed, a class representative may elect to seek to certify only some of the claims and proposed classes initially pled or modify the proposed class definition. *See Chakejian v. Equifax Info. Servs., LLC*, 256 F.R.D. 492, 497 (E.D. Pa. 2009) (neither class representative nor court bound by the proposed class definitions set in the complaint); *LaRocque v. TRS Recovery Servs., Inc.,* 285 F.R.D. 139, 152 (D. Me. 2012) (class representative may seek to certify all or only certain selected claims at her election); Fed. R. Civ. P. 23(c)(1) (class definitions may change at any time throughout the course of litigation); *Bafus v. Aspen Realty, Inc*., 236 F.R.D. 652, 655 (D. Idaho 2006).

## II.      FACTUAL BACKGROUND

In certifying a class, this Court must conduct a rigorous analysis that frequently will entail overlap with the merits of the plaintiff's underlying claim.  *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011).  Accordingly, Plaintiff will summarize the evidence he has discovered to date that supports his claims.

### A.      The Relevant Duty Of CRAs Under Section 1681e(b) Of The FCRA

Although the merits of the case are not squarely before the Court at the certification stage, there can be no doubt that SafeRent follows common procedures in producing background reports for screening purposes which included expunged, vacated, dismissed or sealed criminal records. For the purposes of this Motion, the relevant, unambiguous duty and obligation of a CRA such as SafeRent that furnishes consumer reports for screening purposes is set forth at 15 U.S.C. § 1681e(b):  "When a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."  *Id*.

### B.      SafeRent's Common Practices And Procedures

Plaintiff alleges in his Complaint in this case that SafeRent investigates and reviews public record databases and assembles and/or maintains consumer files which contain public record information concerning, among other things, the alleged criminal record history of individuals. From its files, Defendant sells consumer reports to landlords and others wishing to investigate the criminal record history, or lack thereof, with regard to various applicants.

Evidence developed in this case to date supports Plaintiff's allegations that SafeRent commonly fails to employ reasonable procedures to assure maximum possible accuracy of information by knowingly and deliberately failing to obtain the current status of criminal records

of consumers to eliminate expunged, vacated, dismissed or sealed cases that are not allowed to be reported.

████  █████████████████████████████████████████████

█████████████████████████████████████████████████████████

████████████████████████████  By way of example, in the case of Plaintiff Wilson, SafeRent utilized the public database of the New York State Department of Corrections and Community Supervision ("DOCCS").  The Associate Commissioner of Population Management at DOCCS, Anne Marie McGrath, submitted a Declaration in this case, which is attached to the Francis Dec., Ex. 2 ("McGrath Dec.").  Ms. McGrath confirmed the inherent unreliability of DOCCS as a database for purposes of background reports:

- DOCCS only maintains, reports and provides incarceration and parole data relating to an individual's confinement in a New York State prison.  McGrath Dec., ¶ 5.

- With regard to an underlying criminal conviction, DOCCS only maintains, reports and/or provides information about the nature of the crime and the class.  *Id.*

- DOCCS does not maintain, report or provide other information, such as the date of conviction, date of offense, date of sentence, criminal case number associated with the conviction, or prior criminal conviction history of the individual.  *Id.*

- DOCCS does not represent that the information it makes available via its web-based system is current, complete and accurate, and does not allow users to use the inmate and parolee lookup systems for commercial purposes.  *Id.*, at ¶ 8.

Specifically, with respect to Mr. Wilson in this case, Ms. McGrath confirmed that much of the information contained in SafeRent's background report, which was compiled solely by use of the DOCCS database, was inaccurate. *Id.*, at ¶¶ 15-17.





REDACTED

REDACTED

REDACTED

REDACTED



REDACTED

**C.** **Plaintiff's Experience With SafeRent's Common Unlawful Practices**

On April 16, 2012, Plaintiff Wilson applied for and was offered a one bedroom apartment at the Eastchester Heights apartment complex in Bronx, New York, subject to an approved credit check. Mr. Wilson paid the leasing agent $50 for the credit check.

At the request of the leasing agent, SafeRent prepared and sold a Lease Decision report on Mr. Wilson dated April 16, 2012. Francis Dec., Ex. 4, document bearing Bates stamps CL-W000036-46. The Lease Decision report included Mr. Wilson's credit history and credit score,

both of which were strong and well within the range required in order for his application to be approved.

However, in the Lease Decision, SafeRent reported unlawful and inaccurate information. SafeRent reported a felony conviction for robbery in 1995 as belonging to Mr. Wilson.  The report was inaccurate.  It also contained public record information that was not up to date and was legally obsolete and unreportable for multiple reasons:

1.    The referenced conviction had been vacated, and the charges had been dismissed and sealed years before, on or about October 19, 2009.

2.    No court or court record was reporting the conviction record at the time that Defendant sold its report to Eastchester Heights.

3.    The report misrepresented that it contained a criminal court record, when in fact what it was reporting was a record of state imprisonment from the New York Department of Corrections ("NY DOC"), which maintains a website that is neither a court nor a source of criminal court records.[3]

Because Defendant failed to follow any procedure that assured maximum possible accuracy, as required by 15 U.S.C. § 1681e(b), Defendant's Lease Decision improperly disclosed a felony conviction that had been dismissed and sealed several years earlier and which contained the other inaccurate information set forth above.

Based on the inaccurate and unlawfully reported information in the Lease Report, a representative of Eastchester Heights advised Mr. Wilson that he would not be allowed to rent the

---

[3]    The report was inaccurate for many other reasons that are relevant to Mr. Wilson's individual claims: (1) as it pertained to the dismissed and sealed offense information, the report misidentified the case number as 95A8435; (2) the report misidentified the file date number of the record; (3) the report misidentified the State I.D. number as 4677219N, (4) the report misidentified the disposition date as 12/05/1995, and, (5) the report misidentified the sentence date as 12/5/1995.

apartment.  Mr. Wilson was given an "Adverse Action Letter" from the leasing agent and office manager in which he was notified that his application was not approved based on information contained in the report obtained from SafeRent.  The letter provided Mr. Wilson with SafeRent's telephone number.

Mr. Wilson attempted to dispute the inaccurate information by contacting SafeRent.  Four different times, Mr. Wilson used Defendant's automated telephone system and left a message concerning his dispute.  No one from SafeRent returned Mr. Wilson's messages and the inaccurate information was not corrected by SafeRent at that time, resulting in Mr. Wilson being denied the apartment he had applied for.

Mr. Wilson subsequently wrote to SafeRent and disputed in writing the inaccurate information with supporting documentation showing that the improperly reported conviction had been vacated and sealed three years earlier, in October 2009.  Francis Dec., Ex. 5, document Bates stamped CL-W000033-35.  While SafeRent presumably belatedly corrected its file on Mr. Wilson and advised Eastchester Heights, by then it was far too late for Mr. Wilson to have the apartment he had applied for.

**D.    The Class Of Similarly Situated Persons**

Following  discovery  disputes  resulting  in  the  Court  ordering  SafeRent  to  produce supplemental discovery (Doc. 81), Plaintiff discovered that REDACTED

██████ REDACTED ██████ Francis Dec., Ex. 1, Defendant's
Supplemental Responses to Plaintiff's First Set of Interrogatories, Nos. 3, 5.[4]

### III.   ARGUMENT

### A.   General Legal Standards Governing Class Certification

For a suit to be maintained as a class action under Rule 23, Plaintiff must allege facts establishing each of the four threshold requirements of subsection (a) of the Rule, which provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

*See Marisol A. v. Giuliani*, 126 F.3d 372, 375 (2d Cir. 1997).

Plaintiff must also allege that this action qualifies for class treatment under at least one of the subdivisions of Rule 23(b). *Id.* Under Rule 23(b)(3), a class action will be appropriate where "the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

Class certification is appropriate if this Court determines that each of the Rule 23 requirements has been met. *In re Initial Public Offering Secs. Litig.*, 471 F.3d 24, 40 (2d Cir. 2006). This action should be certified as a class action because, as discussed below, all of the requirements of Rule 23(a) and Rule 23(b)(3) have been met.

---

[4]   SafeRent's supplemental discovery responses are less than forthright, but appear to indicate that ██████ REDACTED ██████
████████████████████████ Francis Dec., Ex. 1.

**B.**     **The Proposed Class Satisfies The Requirements Of Rule 23(a)**

The Supreme Court has noted that "[c]lass actions serve an important function in our system of civil justice." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 99 (1981).  The Court has also recognized that the class action procedure is necessary for private rights of action to be vindicated. *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326 (1980).  As stated in *Roper*, class actions serve an important function in our system of civil justice because they permit plaintiffs to "vindicat[e] the rights of individuals who otherwise might not consider it worth the candle to embark on litigation in which the optimum result might be more than consumed by the cost." *Id*. at 338.

Judicial economy requires that this action proceed through the class action vehicle.  The Plaintiff's and the Class members' only alternative to proceeding as a class action is to file individual claims.  To do so would be time consuming and redundant, as each plaintiff would be required to conduct discovery into Defendant's business practices to prove exactly the same allegations and proffer exactly the same evidence.  Each plaintiff would then be required to brief and argue the same questions of law.

As set forth below, all of the requirements of Rule 23(a) have been met.

**1.**     **The Class Is So Numerous That Joinder of All Members Is Impracticable**

Rule 23(a)(1) requires that the proponent of a class action demonstrate that "the class is so numerous that joinder of all members is impracticable."  The Rule does not require that joinder be impossible; rather, joinder of all members is impracticable when the procedure would be "expensive, time-consuming, and logistically unfeasible." *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 290 (2d Cir. 1992).  In the Second Circuit, numerosity is presumed "at a level of 40 members." *Consol. Rail. Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995).

As noted above, Defendant has provided verified interrogatory answers representing that

REDACTED

. Francis Dec., Ex. 1, Defendant's Supp. Rog. Resp. at

No. 3.  It therefore cannot be disputed that the numerosity requirement is easily satisfied as to the

Class.

### 2.    There Are Questions of Law and Fact Common to the Class

Rule 23(a)(2) requires a showing of the existence of "questions of law or fact common to

the class."  The Rule does not require that all questions be common or even that common questions

predominate.  *Savino v. Computer Credit Corp.*, 173 F.R.D. 346, 352 (E.D.N.Y. 1997).  All class

members need not share identical claims; factual differences among the claims of the putative

class members do not defeat certification.  *Rivera v. Fair Chevrolet Geo Partnership*, 165 F.R.D.

361, 363 (D. Conn. 1996).

A common question is one which arises from a common nucleus of operative facts.  Courts

have typically found a common nucleus of operative facts where, as in the present action, the

defendant engaged in standardized conduct toward putative class members.  *Comer v. Cisneros*,

37 F.3d 775, 797 (2d Cir. 1994); *Marisol A.*, 126 F.3d at 376.  In cases brought under section

1681e(b) of the FCRA, courts have easily certified classes where the challenged actions were

commonly applied to class members.  *Patel v. Trans Union, LLC*, 308 F.R.D. 292, 304  (N.D. Ca.

2015) (certifying class claim under section 1681e(b) where common questions included whether

reasonable procedures were in place to assure maximum possible accuracy of information

reported); *Ramirez v. Trans Union, LLC*, 301 F.R.D. 408, 418-19 (N.D. Ca. 2014) (same); *Acosta*

*v. Trans Union LLC,* 243 F.R.D. 377, 384 (C.D. Ca. 2007) (common question of whether

defendants maintained reasonable procedures to assure maximum accuracy satisfied commonality prerequisite); *Clark v. Experian Information Solutions, Inc.,* 2001 WL 1946329, *2 (D.S.C. March 19, 2001) (holding that question of "[w]hat reasonable procedures, if any, have been set up by the Defendants to assure maximum accuracy of the information contained in the consumer report, including information regarding or related to bankruptcy" among other questions satisfied the commonality requirement of Rule 23(a)(2)).").

It is also well established that the presence of some individualized issues does not overshadow the common nucleus of operative fact presented when the defendant has engaged in standardized conduct toward the class. *See Califano v. Yamasaki*, 442 U.S. 697, 701 (1979).

This action is appropriate for class certification because Defendant engaged in a systematic, unitary course of conduct as to each Class member. The uniform practice of failing to obtain current status of criminal records to eliminate expunged, vacated, sealed, or dismissed cases that were not allowed to be reported is both common and typical. Under Second Circuit standards, the situation merits class certification. *In re Nassau County Strip Search Cases*, 461 F.3d 219, 226 (2d Cir. 2006) (action may be brought or maintained as a class action with respect to particularized issues); s*ee also Petrolito v. Arrow Financial Services, LLC*, 221 F.R.D. 303, 308 (D. Conn. 2004) (certifying class based upon uniform debt collection practice).

There are no individual damages issues. Plaintiff is seeking statutory and punitive damages, along with attorneys' fees and costs, for each member of the Class for Defendant's FCRA violations. Statutory damages of $100 to $1,000 per consumer, plus unlimited punitive damages, are available for willful violations of the FCRA. 15 U.S.C. § 1681n. Statutory and

punitive damages compensate the class members for violation of their rights under these statutes, and Plaintiff's election is appropriate.  There is no need for any individual inquiry for damages.[5]

### 3.   The Claims of Mr. Wilson Are Typical of the Claims of the Class

Rule 23(a)(3) requires that the claims of the class representatives be "typical of the claims … of the class."   Rule 23(a)(3) and the adequacy of representation requirement set forth in subsection (a)(4) are designed to assure that the interests of unnamed class members will be adequately protected by the named class representatives.  *See, e.g., Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 157 n.13 (1982).  The threshold for establishing typicality is low.  Typicality does not require that the claims of the class members be identical.  The claims merely have to arise from the same course of conduct.  *Comer*, 37 F.3d at 797; *Marisol A.*, 126 F.3d at 376.

Where, as here, the Plaintiff alleges a common pattern of wrongdoing and will present the same evidence (based on the same legal theories) to support both his claims and the claims of the Class members, courts have held the typicality requirement to be satisfied, notwithstanding the possibility of inconsequential factual variances in the position of each class member.  *Comer*, 37 F.3d at 797; *Marisol A.*, 126 F.3d at 376; *Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 599 (2d Cir. 1986).  Typicality is easily satisfied in an action such as the one at bar because the class claim is based on the Defendant's pattern and practice of failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning the subject of their screening reports, in violation of the FCRA.

---

[5]     Damages issues will be common and predominate in cases such as the one at bar, where only statutory damages are claimed.  *See Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 952 (7th Cir. 2006); *Fischl v. GMAC*, 708 F.2d 143, 151 (5th Cir. 1983).  Moreover, FCRA statutory damages such as the ones that Plaintiff seeks for himself and the Class here are available even without any proof of actual harm.  *See Beaudry v. Telecheck Servs., Inc.,* 579 F.3d 702, 707 (6th Cir. 2009).

The representative Plaintiff is a typical victim of Defendant's improper practices because he, like other applicants, was the subject of a background report containing criminal record information that had been vacated, dismissed and sealed and was required not to have been reported by Defendant.  The essence of each putative Class member's claim is precisely the same. Accordingly, Mr. Wilson can reasonably be expected to advance the interests of all Class members toward a favorable determination with respect to each issue.  The claims of the representative Plaintiff are typical of the claims of the Class.

### 4.    The Plaintiff Will Fairly and Adequately Protect the Interests of the Class

The requirement of Rule 23(a)(4) is met if it appears that (1) a plaintiff's attorneys are qualified, experienced and generally able to conduct the litigation and (2) a plaintiff's interests are not antagonistic to those of the class he seeks to represent.  *See, e.g., Drexel Burnham Lambert*, 960 F.2d at 291; *Lewis v. Curtis*, 671 F.2d 779, 788 (3d Cir. 1982).  The existence of the elements of adequate representation is presumed and the burden is on the defendant to demonstrate that the representation will be inadequate.  *Lewis*, 671 F.2d at 788.

Both prongs of the "adequacy" test are met here.  First, and in reverse order, there is nothing to suggest that the representative Plaintiff has any interest antagonistic to the vigorous pursuit of the Class claims against the Defendant.  Plaintiff shares with the Class the interest in establishing that the Defendant's practices violate the law.

Plaintiff was deposed in this case for a full seven hours.  He was questioned extensively concerning his duties and obligations as a class representative.  He testified that he understood that his role and responsibilities as class representative, that he put the Class members' interests ahead of his own, that he was involved in strategic decisions and in touch with his counsel about the case on a regular basis:

Q.     Do you understand what it means to be a class representative?
A.     Yes, I do.
Q.     Can you explain to me in your own words what you understand that to mean?
A.     I understand I'm not only speaking for myself, I'm speaking for those that have been affected in similar situations such as mines.

Francis Dec., Ex. 6, Plaintiff's Dep. at 171:1-10.

Q.     Do you understand that you agreed to put the interest of the other class members ahead of your own individual interests?
A.     Yes.
Q.     Have you done that?
A.     Yes.

*Id.*, at 174:14-20.

Q.     Were you involved in any strategic decisions as to whether to bring this case as a class case or as an individual case?
A.     As part of the decision-making, yes.
Q.     Okay. How often do you talk to your counsel?
A.     Very often.
Q.     Give me an approximation.

*********

THE WITNESS: We communicate at least four times a month.
BY MR. ANTHONY:
Q.     Okay. And is that by phone, by e-mail?
A.     Both.
Q.     So that's four times twice or four times total between the two of them?  Four times you talk by phone and four times by e-mail or collectively between the phone and e-mail approximately four times a month?
A.     Either.  It may vary depending on where we're at with the case, we may talk longer or shorter or just touching base.
Q.     Has that been the case since the inception of the case?
A.     I believe so.

*Id.*, at 176:9-177:15.

Second, Plaintiff has retained counsel highly experienced in both consumer class actions and FCRA litigation to prosecute his claims and those of the Class.  The firm of Francis & Mailman, P.C. has been found to be well-qualified to represent consumer classes by courts in many districts, has been certified as class counsel on multiple occasions, and has been appointed class

counsel over objection and competing counsel's challenge in interim appointment litigation.[6]  The

Legal Action Center, a non-profit organization, has litigated a number of class action lawsuits

since it was founded in 1973.  *See* curricula vitae submitted by counsel as to their adequacy to

represent Plaintiff and the Class.  Francis Dec., Exs. 7, 8.

Accordingly, the representative Plaintiff adequately represents the interests of the Class.

## C.   The FCRA Section 1681e(b) Claim Meets The Requirements Of Rule 23(b)(3)

This action also qualifies for certification under Rule 23(b)(3).  As discussed above, the

question of whether Defendant's systemic practice of failing to obtain the current status of

criminal records to eliminate expunged, vacated, sealed, or dismissed cases that were not allowed

to be reported is common to the Class.

Once the common question of liability is resolved, all that remains is the mechanical act

of computing the statutory and punitive damages.  *See Blackie v. Barrack*, 524 F.2d 891, 905 (9th

Cir. 1975), cited with approval in *In re Visa Check/MasterMoney Antitrust Litig.*, 280 F.3d 124,

139 (2d Cir. 2001).

---

[6]      The firm of Francis & Mailman, P.C. is highly regarded nationally for the high caliber of its work and experience in consumer protection litigation.  The firm has been found to be well-qualified to represent consumer classes by courts in many districts, and has been certified as class counsel on over thirty-five (35) occasions.  *See, e.g., Barel v. Bank of Am.*, 255 F.R.D. 393, 398-99 (E.D. Pa. 2009) (finding Francis & Mailman, P.C. "to be competent, experienced and well-qualified to prosecute class actions" and noting that class counsel "have done an excellent job in representing the class in the instant litigation").  The firm has been appointed class counsel over objection and competing counsel's challenge in interim appointment litigation.  *See, e.g., White v. Experian Info. Solutions*, No. 05-01070, 2014 WL 1716154, at *13, 19, 22 (C.D. Cal. May 1, 2014) (finding Francis & Mailman "FCRA specialists" and appointing firm and its team as interim class counsel over objections from competing group because their team's "credentials and experience [we]re significantly stronger in class action and FCRA litigation."), *affirmed sub nom Radcliffe v. Experian Information Solutions, Inc.*, 818 F.3d 537 (9th Cir. 2016); *Berry v. LexisNexis Risk & Info. Analytics Group, Inc.*, No. 3:11-cv-754, 2014 WL 4403524, at *11 (E.D. Va. Sept. 5, 2014) (finding Francis & Mailman, P.C. and its team adequate class counsel in contested objection), *aff'd sub nom. Berry v. Schulman*, 807 F.3d 600 (4th Cir. 2015).

Courts that have examined the most analogous class contexts – concerning CRA's statutorily-mandated obligations under the FCRA – have agreed that common questions predominate where a CRA fails to follow reasonable procedures to assure maximum possible accuracy.  *See Patel, Ramirez, Acosta, Clark, supra.*

The degree of Defendant's culpability will be identical for each Class member.  Plaintiff has alleged a uniform practice and policy conducted by the Defendant against Plaintiff and the Class members:  failing to obtain the current status of criminal records of consumers to eliminate expunged, vacated, dismissed or sealed cases that are not allowed to be reported.  Accordingly, the issues of law and fact which flow from Defendant's uniform activity predominate over any individual issue.  Common issues predominate over individual issues where, as here, a plaintiff has alleged a violation of the law flowing from a standard practice utilized by a defendant.

In addition to finding the predominance of common questions, Rule 23(b)(3) also requires that the Court determine that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy."  A class action is widely recognized as superior to other available methods – particularly individual lawsuits – for the fair and efficient adjudication of a suit that affects a large number of persons injured by violations of consumer protection laws or common law.  Consumer class actions such as the case at bar easily satisfy the superiority requirement of Rule 23.  *Lake v. First Nationwide Bank*, 156 F.R.D. 615, 626 (E.D. Pa. 1994) (public interest in vindicating rights of consumers favors disposition of claims in a class action).

Defendant has violated the rights of such a large number of consumers to such an extent that the cost of pursuing individual litigation to seek recovery against a well-financed adversary is not feasible.  Thus, the alternatives to a class action are either no recourse for hundreds of injured consumers, or even in the unlikely event that they all become aware of their rights and could locate

counsel, a multiplicity of scattered suits resulting in the inefficient administration of litigation. Accordingly, a class action is superior to other available methods for the fair and efficient adjudication of matter.

There is no question but that this class action would be easily manageable.  This case presents no manageability difficulties that would preclude class certification.

## IV.   CONCLUSION

Liberal construction in favor of class certification is the norm in the Second Circuit. *Marisol A.*, 126 F.3d at 377; *Green v. Wolf Corp.*, 406 F.2d 291, 301 (2d Cir. 1968).  Based on the reasoning and authority cited herein, Plaintiff respectfully requests that this Court grant his motion for an order certifying this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the proposed Class of individuals defined herein, certifying Plaintiff Abdullah James George Wilson as a proper representative of the Class and his counsel as counsel to the Class.

Dated:  February 9, 2017                    **LEGAL ACTION CENTER**

Monica Welby (MW-7373)
Sally Friedman (SF-3344)
225 Varick Street, Suite 402
New York, NY  10014
Tel: (212) 243-1313
Fax: (212) 675-0286
mwelby@lac.org
sfriedman@lac.org

**FRANCIS & MAILMAN**

By:     *s/ James A. Francis*
James A. Francis (*pro hac vice*)
David A. Searles (*pro hac vice*)
Lauren KW Brennan *(pro hac vice)*
100 S. Broad Street, Suite 1902
Philadelphia, PA 19110
Tel: (215) 735-8600
Fax: (215) 940-8000
jfrancis@consumerlawfirm.com
dsearles@consumerlawfirm.com
lbrennan@consumerlawfirm.com

*Attorneys for Plaintiff and the Class*