# Exhibit 2

CHAPTER 654

10672

# IN SENATE

### April 26, 1974

Introduced by COMMITTEE ON RULES—read twice and ordered printed, and when printed to be committed to the Committee on Finance

# AN ACT

To amend the executive law, and the correction law, in relation to the transfer of responsibility for maintenance of certain criminal statistics, and to repeal certain sections of the correction law relating thereto

APPROVED

MAY 30 1974

Compared by

Approved

NEW YORK STATE LIBRARY

CALENDER NO. _1844_

# STATE OF NEW YORK



10672

# IN SENATE

Printed & Placed on
APR 29 1974
Desks of SENATORS

April 26, 1974

IN SENATE
MAY 2 - 1974
To Third Reading

Introduced by COMMITTEE ON RULES—read twice and ordered printed, and when printed to be committed to the Committee on Finance

## AN ACT

To amend the executive law, and the correction law, in relation to the transfer of responsibility for maintenance of certain criminal statistics, and to repeal certain sections of the correction law relating thereto

*The People of the State of New York, represented in Senate and Assembly, do enact as follows:*

1  Section 1. Sections fifteen-a, six hundred fifteen, six hundred
2  sixteen, six hundred seventeen and six hundred nineteen of the
3  correction law are hereby **repealed** and such law is hereby amended
4  by adding thereto a new section, to be section twenty-nine, to read
5  as follows:

6  *§ 29. Department statistics. 1. The department shall continue*
7  *to collect, maintain, and analyze statistical and other information*
8  *and data with respect to persons subject to the jurisdiction of the*
9  *department, including but not limited to: (a) the number of such*

EXPLANATION — Matter in *italics* is new; matter in brackets [ ] is old law to be omitted.

2

1   *persons: placed in the custody of the department, assigned to a*

2   *specific department program, accorded temporary release, paroled*

3   *or conditionally released, paroled or conditionally released and*

4   *declared delinquent, recommitted to a state correctional institution*

5   *upon revocation of parole or conditional release, or discharge upon*

6   *maximum expiration of sentence; (b) the criminal history of*

7   *such persons; (c) the social, educational, and vocational circum-*

8   *stances of any such persons; and, (d) the institutional, parole*

9   *and conditional release programs and behavior of such persons.*

10   *2. The commissioner of correctional services shall make rules*

11   *as to the privacy of records, statistics and other information*

12   *collected, obtained and maintained by the department, its institu-*

13   *tions or the board of parole and information obtained in an*

14   *official capacity by officers, employees or members thereof.*

15   *3. The commissioner of correctional services shall have access*

16   *to records and criminal statistics collected by the division of*

17   *criminal justice services and the commissioner of criminal justice*

18   *services shall have access to records and criminal statistics col-*

19   *lected by the department of correctional services, as the com-*

20   *missioners of correctional services and criminal justice services*

21   *shall mutually determine.*

22   § 2. Subdivision two of section six hundred eighteen of such

23   law, as last amended by chapter one hundred eight of the laws

24   of nineteen hundred seventy-three, is hereby amended to read as

25   follows:

26   2. It is hereby made the duty of the officials having charge of

27   all the penitentiaries[.] *and* county jails [and reformatories]

1  in the state to cause [prisoners] *inmates* confined therein under

2  sentence for any crime to be measured and described and the

3  fingerprint impressions of such [prisoners] *inmates* to be made

4  [, by such person or persons in the official service of the state or

5  of any such county or institution as may be designated by the

6  said commissioner for the purpose, which measurements and

7  impressions shall be made] according to the rules and methods

8  prescribed by the commissioner *of criminal justice services*. It

9  shall also be the duty of such officials in charge of such institutions

10  to procure so far as possible modus operandi statements from all

11  such prisoners. And it shall be the duty of such officials to cause

12  duplicate records of such measurements, impressions and state-

13  ments to be made, two copies to be transmitted to the division

14  of criminal justice services within twenty-four hours following

15  the time of the reception of such [prisoners] *inmates* in said

16  institutions.

17  § 3. Subdivision four of section eight hundred thirty-seven of

18  the executive law, as amended by chapter six hundred three of the

19  laws of nineteen hundred seventy-three, is hereby amended to

20  read as follows:

21  4. In cooperation with the state administrator of the unified

22  court system as well as any other public or private agency,

23  (a) through the central data facility collect, analyze, evaluate

24  and disseminate statistical and other information and data; and

25  (b) undertake research, studies and analyses and act as a

26  central repository, clearinghouse and disseminator of research

27  studies, in respect to criminal justice functions and any agency

1 responsible for a criminal justice function, with specific attention

2 to[ :] the effectiveness of existing programs and procedures for the

3 efficient and just processing and disposition of criminal cases;

4 [the number of persons arrested for the alleged commission of a

5 felony, the particular felony for which the person was arrested

6 and the disposition of the charge, including but not limited to,

7 as the case may be, dismissal, acquittal, the offense to which the

8 defendant pleaded guilty, the offense the defendant was convicted

9 of after trial and the sentence.] *and*

10 *(c) collect and analyze statistical and other information and*

11 *data with respect to the number of crimes reported or known to*

12 *peace officers, the number of persons arrested for the commission*

13 *of offense, the offense for which the person was arrested, the county*

14 *within which the arrest was made and the accusatory instrument*

15 *filed, the disposition of the accusatory instrument including, but*

16 *not limited to, as the case may be, dismissal, acquittal, the offense*

17 *to which the defendant pled guilty, the offense the defendant was*

18 *convicted of after trial, and the sentence.*

19 *(d) Supply data, upon request, to federal bureaus or depart-*

20 *ments engaged in collecting national criminal statistics.*

21 § 4. Section eight hundred thirty-seven-a of such law, as added

22 by chapter six hundred three of the laws of nineteen hundred and

23 seventy-three, is hereby amended to read as follows:

24 § 837-a. Additional functions, powers and duties of the division.

25 In addition to the functions, powers and duties otherwise provided

26 by this article, the division shall:

27 1. Collect and analyze statistical and other information and data

1 with respect to the number of persons [indicated] *indicted* for
2 the commission of a felony for which the person was indicted, the
3 county within which the indictment was filed, the disposition of
4 the indictment including, but not limited to, as the case may be,
5 dismissal, acquittal, the offense to which the defendant pleaded
6 guilty, the offense the defendant was convicted of after trial, and
7 the sentence.

8   2. [The division shall present] *Present* to the governor, tempo-
9 rary president of the senate, minority leader of the senate, speaker
10 of the assembly and the minority leader of the assembly a quarterly
11 report containing the statistics and other information required by
12 subdivision one hereof.  The initial report required by this para-
13 graph shall be for the period beginning September first, nineteen
14 hundred seventy-three and ending December thirty-first, nine-
15 teen hundred seventy-three and shall be presented no later than
16 January fifteen, nineteen hundred seventy-four.    Thereafter,
17 each quarterly report shall be presented no later than fifteen days
18 after the close of each quarter.

19   § 5. Article thirty-five of such law is hereby amended by adding
20 thereto a new section, to be section eight hundred thirty-seven-b,
21 to read as follows:

22   *§ 837-b. Duties of courts and peace officers.  1. It is hereby made*
23   *the duty of every clerk of every court of criminal jurisdiction,*
24   *both of courts of record and otherwise, including justice and city*
25   *courts, or if there be no clerk, of every judge or justice of such*
26   *court; and of every sheriff, county or city commissioner of cor-*
27   *rection and head of every police department, state, county, or*

6

1  *local, and also railroad, steamship, park, aqueduct and tunnel*
2  *police and town constables, of every district attorney, of every*
3  *probation agency; and of head of every institution or department,*
4  *state, county and local, dealing with criminals and of every other*
5  *officer, person or agency, dealing with crimes or criminals or with*
6  *delinquency or delinquents, to transmit to the commissioner of*
7  *criminal justice services not later than the fifteenth-day of each*
8  *calendar month, or at such times as provided in the rules and*
9  *regulations adopted by the commissioner, such information as may*
10 *be necessary to enable him to comply with subdivision four of*
11 *section 837. Such reports shall be made upon forms which shall*
12 *be supplied by the commissioner.*

13 *2. Such officers and agencies shall install and maintain records*
14 *needed for reporting data required by the commissioner of criminal*
15 *justice services and shall give him or his accredited agents access*
16 *to records for the purpose of inspection.*

17 *3. For every neglect to comply with the requirements of this*
18 *section, the commissioner may apply to the supreme court for an*
19 *order directed to such person responsible requiring compliance.*
20 *Upon such application the court may issue such order as may be*
21 *just, and a failure to comply with the order of the court shall be*
22 *a contempt of court and punishable as such.*

23 § 6. Transfer of functions to the division of criminal justice
24 services. All of the functions and powers possessed by and all of
25 the obligations and duties of the commissioner of correctional
26 services and department of correctional services pertaining to the
27 compilation and reporting of criminal statistics, other than records

of inmates of all correctional institutions in this state, now carried out pursuant to sections six hundred fifteen, six hundred sixteen, six hundred seventeen and six hundred nineteen of the correction law, as repealed by this act, are hereby transferred and assigned to, assumed by and devolved upon the commissioner and division of criminal justice services.

§ 7. Continuance of rules, regulations and acts.   All rules, regulations, acts, decisions, determinations and orders of the commissioner of correctional services, pertaining to the functions transferred and assigned to the commissioner of criminal justice services and the division of criminal justice services pursuant to section four of this act in force or effective on the effective date of this act shall continue in force and effect as rules, regulations, acts, decisions, determinations and orders of the commissioner of criminal justice services or the division of criminal justice services, as the case may be, until duly modified or abrogated by the commissioner of criminal justice services.

§ 8. Transfer of records.   The commissioner of correctional services shall deliver to the commissioner of criminal justice services all books, papers, records and property of the department of correctional services pertaining to the functions transferred and assigned pursuant to section four of this act.

§ 9. Transfer of employees.   Upon the transfer and assignment of functions to the division of criminal justice services pursuant to section four of this act, provisions shall be made for the transfer to the division of criminal justice services of such employees of the department of correctional services who are engaged in carrying out

1   such functions as the commissioners of correctional services and
2   criminal justice services, subject to the approval of the director
3   of the budget, may deem necessary for the exercise of the functions
4   herein transferred to the division of criminal justice services.  Any
5   employees transferred from the department of correctional services
6   to the division of criminal justice services shall be transferred in
7   accordance with the provisions of section seventy of the civil
8   service law.

9   § 10. Completion of unfinished business.  Any proceeding or
10  other business or matter undertaken or commenced by or before the
11  commissioner or the department of correctional services, pertaining
12  to or connected with the functions transferred and assigned pur-
13  suant to section four of this act, and pending on the effective date
14  of this act, may be conducted   l completed by the commissioner
15  or division of criminal justice services in the same manner and
16  under the same terms and conditions and with the same effect as if
17  conducted and completed by the commissioner or the department
18  of correctional services.

19  § 11. Pending actions and proceedings.  No action or proceed-
20  ing pending at the time this act shall take effect, brought by, against
21  or before the commissioner or the department of correctional
22  services or in which either of them is a party and pertaining to or
23  connected with the functions transferred and assigned pursuant to
24  section four of this act, shall be affected by any provision of this act,
25  but the same may be prosecuted or defended in the name of the
26  commissioner of criminal justice services.  In all such actions and
27  proceedings, the commissioner of criminal justice services, upon
28  application to the court, shall be substituted as a party.

1  § 12. Terms occurring in law and in contracts and other docu-
2  ments.  When the commissioner or department of correctional
3  services is referred to or designed in any law, contract, judg-
4  ment, decision or document pertaining to the functions trans-
5  ferred pursuant to section four of this act, such reference or desig-
6  nation shall be deemed to refer to and include the commissioner
7  or division of criminal justice services, as the case may be, so far
8  as such law, contract, judgement, decision or document pertains to
9  matters which are within their jurisdiction by reason of the transfer
10  and assignment of functions pursuant to this act.

11  § 13. Court opinions, judgments and decisions.  All opinions,
12  determinations, decisions and judgments hitherto rendered in a
13  court of competent jurisdiction in an action or proceeding in which
14  the commissioner or department of correctional services is a party
15  pertaining to or connected with the functions transferred and
16  assigned pursuant to section four of this act shall continue to be
17  binding and effective with respect to the matters therein determined
18  with the same force and effect as if the commissioner of criminal
19  justice services were a party therein.

20  § 14. Transfer of appropriations heretofore made to department
21  of correctional services.  Subject to the approval of the Director
22  of the Budget, all appropriations or reappropriations for the func-
23  tions transferred pursuant to section four of this act heretofore
24  made to the department of correctional services, or segregated
25  pursuant to law, to the extent of remaining unexpended or unen-
26  cumbered balances thereof, whether allocated or unallocated and
27  whether obligated or unobligated, are hereby transferred to and

1 made available for use and expenditure by the division of criminal
2 justice services for the same purposes for which originally appro-
3 priated or reappropriated and shall be payable on vouchers certified
4 or approved by the commissioner of criminal justice services on
5 audit and warrant of the comptroller.  Payments for liabilities for
6 expenses of personal service, maintenance and operation heretofore
7 incurred by the department of correctional services in connection
8 with the functions transferred pursuant to this title and for liabili-
9 ties incurred and to be incurred in completing its affairs in relation
10 to such functions, shall also be made on vouchers or certificates
11 approved by the commissioner of criminal justice services on audit
12 or warrant of the comptroller.  Payments for liabilities for expenses
13 of personal service, maintenance and operation heretofore incurred
14 by the department of correctional services in connection with the
15 functions transferred pursuant to this title and for liabilities in-
16 curred and to be incurred in completing its affairs in relation to
17 such functions, shall also be made on vouchers or certificates
18 approved by the commissioner of criminal justice services on audit
19 or warrant of the comptroller.

20 § 15. Rights and remedies preserved.  (a) No existing right or
21 remedy of any character shall be lost, impaired or affected by reason
22 of this act.

23 (b) No new right or remedy of any character shall accrue to or
24 for the benefit of any person by reason of this act.

25 § 16. This act shall take effect January first, nineteen hundred
26 seventy-five, except that portion of section one of this act which
27 repeals section fifteen-a and enacts section twenty-nine of the cor-
28 rection law, which shall take effect immediately.

NOTE.—Correction Law, §§ 15-a, 615, 616, 617 and 619 repealed by this act are substantially re-enacted by sections 1, 2, 3, and 5, with the following dispositions:

| | |
|---|---|
| Correction Law, § 15-a | Correction Law, § 29, subd. 2 |
| Correction Law, § 615 | Correction Law, § 29, subd. 1;<br>Executive Law, § 837, subd. 4 |
| Correction Law, § 616* | Executive Law, §§ 837, subd. 4; 837-b |
| Correction Law, § 617** | Executive Law, § 837-b |
| Correction Law, § 619 | Omitted* |

* The provisions of §§ 616 and 619 of the Correction Law which require that an annual report be made to the Legislature are in essence duplicated by the Executive Law, § 837 (12).

** The provisions of § 617 (2) of the Correction Law, which require peace offices to transmit fingerprints to the Division of Criminal Justice Services, are enforceable through the Criminal Procedure Law, §§160.10 and 160.20.

Lt. Governor
Attorney General
Comptroller
Secretary to the Governor
Budget
Planning Services
Sponsor

Adirondack Park Agency
Aging
Agriculture & Markets
Architecture
Arts
Atomic & Space Development
Banking
Cable Television Comm.
Civil Service
Commerce
Consumer Protection Board
Correctional Services
Crime Victims Compensation
Criminal Justice Services
Dormitory Authority
Education Department
Employee Relations
Environmental Conservation
Environmental Facil.Corp.
Equalization & Assessment
General Services
Health
Health & MenHyg.Fac.ImpCorp.
Housing & Community Renewal
Housing Finance Agency
Human Rights
Insurance Department
Job Development
Labor
Local Government
Mental Hygiene
Metropolitan Trans.Auth.
Military & Naval Affairs
Mortgage Agency
Motor Vehicles
Municipal Bond Bank Agency
Narcotic Addiction Control
Parks & Recreation
Pension Commission
Port Authority
Power Authority
Probation
Public Employment Rel. Bd.
Public Service
Social Services
Social Welfare, Board of
State Department
State Investigation Comm.
State Liquor Authority
State Police
State University
Taxation & Finance
Thruway Authority
Transportation
Urban Development Corp.
Veterans' Affairs
Waterfront Commission
Welfare Inspector General
Workmen's Comp. Bd.
Youth

Reprint #_____

Judicial Conference
Law Revision Commission
N.Y.S. Bar Association
N.Y.S. Trial Lawyers Assn.
Assn. of Bar of N.Y.C.
Bar Assn. of _____
                        County
District Attorneys Assoc.
N.Y. Civil Liberties Union

County Judges Assn.
Family Court Judges
Magistrates Assn.
Supreme Court Justices
Surrogates Assn.

AFL-CIO
Associated Industries
Commerce & Industry Assn.
Community Service Society

Association of Towns
County Officers Assn.
Conference of Mayors
Big Six Mayors

Mayor _____

Town Sup. _____

Co. Leg. _____

Co. Atty. _____

Co. Exec. _____

Temp. State Com. on: _____

Advisory Council on: _____

Joint Leg. Comm. on: _____

_____

Multiple memorandum received from the
State Comptroller dated _MAY 1 7 REC'D_
stating the following bill is of
"No Interest" to the Department of
Audit and Control.

Intro. No.          Print No.

$S - 10672$

The original memorandum filed with:

C1

C - 657

**ADMINISTRATIVE BOARD**

CHARLES D. BREITEL
   CHAIRMAN

OWEN McGIVERN
FRANK A. GULOTTA
J. CLARENCE HERLIHY
JOHN S. MARSH

**MEMBERS**

CHARLES G. TIERNEY
FRANK S. McCULLOUGH
HAROLD H. SODEN
ARTHUR ERVIN BLAUVELT
GERALD SAPERSTEIN
ORMAND N. GALE
JOHN H. COOKE
DANIEL J. DONAHOE
JOHN J. RYAN
ORLST V. MARESCA

THE JUDICIAL CONFERENCE
OF THE
STATE OF NEW YORK
270 BROADWAY
NEW YORK, N. Y. 10007

RICHARD J. BAR
STATE ADMINISTR
JUDGE

May 7, 1974

MEMORANDUM IN OPPOSITION TO

S- 10672 (Committee on Rules)

A- 12344

AN ACT To amend the executive law, and the correction law, in relation to the transfer of responsibility for maintenance of certain criminal statistics, and to repeal certain sections of the correction law relating thereto

This bill, which has passed the Senate, would give the Commissio of the Division of Criminal Justice Services the responsibility of collecting and reporting statistics regarding dispositions and sentence in all criminal cases throughout the state. The Commissioner would hav the authority to require "every clerk of every court of criminal jurisdiction" to report to him "upon forms which shall be supplied by the commissioner". This authority would be enforceable by court order and the sanction of contempt. Similar authority is provided over police departments, district attorneys, and other officials.

This bill, drafted without consultation with my office, would give the Division of Criminal Justice Services undue power to demand reports, "not later than the fifteenth day of each calendar month", from every court clerk in the state. Although the Commissioner of Correctional Services presently has similar authority, and this bill is designed to transfer those powers to DCJS, a drastic change in practice may be expected. The information to be required is spelled ou in much greater detail under the bill, and the authority was not used by the Commissioner of Correctional Services.

C - 657

NISTRATIVE BOARD

HARLES D. BREITEL
　　CHAIRMAN
WEN McGIVERN
RANK A. GULOTTA
CLARENCE HERLIHY
OHN S. MARSH

BERS

HARLES G. TIERNEY
RANK S. McCULLOUGH
AROLD N. SODEN
RTHUR ERVIN BLAUVELT
ERALD SAPERSTEIN
RMAND N. GALE
OHN H. COOKE
ANIEL J. DONAHOE
OHN J. RYAN
RLST V. MARESCA

THE JUDICIAL CONFERENCE
OF THE
STATE OF NEW YORK
270 BROADWAY
NEW YORK, N. Y. 10007

RICHARD J. BARTLETT
STATE ADMINISTRATIVE
JUDGE

May 7, 1974

MEMORANDUM IN OPPOSITION TO

S- 10672 (Committee on Rules)

A- 12344

N ACT To amend the executive law, and the correction law, in relation to the transfer of responsibility for maintenance of certain criminal statistics, and to repeal certain sections of the correction law relating thereto

This bill, which has passed the Senate, would give the Commissioner f the Division of Criminal Justice Services the responsibility of ollecting and reporting statistics regarding dispositions and sentences n all criminal cases throughout the state. The Commissioner would have he authority to require "every clerk of every court of criminal urisdiction" to report to him "upon forms which shall be supplied by he commissioner". This authority would be enforceable by court order nd the sanction of contempt. Similar authority is provided over olice departments, district attorneys, and other officials.

This bill, drafted without consultation with my office, would ive the Division of Criminal Justice Services undue power to demand eports, "not later than the fifteenth day of each calendar month", rom every court clerk in the state. Although the Commissioner of orrectional Services presently has similar authority, and this bill s designed to transfer those powers to DCJS, a drastic change in ractice may be expected. The information to be required is spelled out n much greater detail under the bill, and the authority was not used y the Commissioner of Correctional Services.

-2-

Reporting of court dispositions should be a responsibility of the judicial branch. My office, under a new administration, is committed to setting up a system of accurate, prompt reporting of all necessary information relating to the courts. We should be given a reasonable opportunity to fulfill that commitment. This bill is unnecessary, and creates a serious risk of hampering this vital judicial program. Moreover, if an Executive department is to have the authority to require reporting by the courts, the duty to report should be imposed on the State Administrator, not on hundreds of individual clerks throughout the state.

I urge disapproval of this bill.

Richard J. Bartlett
State Administrative Judge

**ADMINISTRATIVE BOARD**

CHARLES D. BREITEL
    CHAIRMAN
OWEN McGIVERN
FRANK A. GULOTTA
J. CLARENCE HERLIHY
JOHN S. MARSH

**MEMBERS**

CHARLES G. TIERNEY
FRANK S. McCULLOUGH
HAROLD R. SODEN
ARTHUR ERVIN BLAUVELT
GERALD SAPERSTEIN
ORMAND N. GALE
JOHN H. COOKE
DANIEL J. DONAHOE
JOHN J. RYAN
OREST V. MARESCA

THE JUDICIAL CONFERENCE
OF THE
STATE OF NEW YORK
270 BROADWAY
NEW YORK, N.Y. 10007

MAY 2 3 REC'D

RICHARD J. BART
STATE ADMINISTRA
JUDGE

May 22, 1974

Honorable Michael Whiteman
Counsel to the Governor
Executive Chamber
The Capitol
Albany, New York

Re:  S 10672
     A 12490

Dear Mr. Whiteman:

You have requested the comments of this office concerning these
measures.

Senate 10672 would transfer from the Department of Correctional
Services to the Division of Criminal Justice Services responsi-
bility for the maintenance of certain criminal statistics.
Assembly 12490 would require the state administrator rather
than individual courts to furnish the commissioner of criminal
justice services with such statistical information as he may
require.

This office originally opposed the provision in section 5 of
Senate 10672 which would authorize the commissioner of criminal
justice services to require statistical reports from every court
clerk or judge of the unified court system. We are of the firm
position that the statistics-gathering function properly belongs
in the central office of court administration and that the
furnishing of statistical reports to other state agencies should
be the responsibility of that office.

Assembly 12490, which was introduced at the request of this
office, meets our objections to Senate 10672 by vesting the
statistical reporting function in the office of the state
administrator.

Honorable Michael Whiteman
Page 2                                          May 22, 1974


Accordingly, this office has no objection to the Governor's
approval of these measures.

                        Sincerely,

                        Michael R. Juviler

                        Michael R. Juviler
                        Counsel

MRJ/ibc



STATE OF NEW YORK

DEPARTMENT OF CORRECTIONAL SERVICES

PETER PREISER
COMMISSIONER

ALBANY, N.Y. 12226

May 20, 1974

TO:      Michael Whiteman, Counsel to the Governor

FROM:    Peter Preiser, Commissioner

SUBJECT: Senate Bill 10672

RECOMMENDATION: Approval

The bill provides for the transfer of
responsibility for the collection of certain criminal
statistics from the Department of Correctional Services
to the Division of Criminal Justice Services.

Historically, the Department of Correctional
Services was generally the repository for fingerprint
records and criminal history information of persons arrested
and convicted of felonies and certain misdemeanors.  The
creation, in 1965, of the New York State Identification
and Intelligence System (NYSIIS), a Statewide computerized
criminal history information system, foreshadowed, when
operational, the passing of the responsibility for summary
criminal history information and arrest, conviction and
sentence statistics from the Department of Correctional
Services to the Division of Criminal Justice Services.
Thus, in 1966, peace officers were directed to forward
one copy of the fingerprints of a person arrested for
a felony or certain misdemeanors to NYSIIS rather than
the Department of Correctional Services.  In 1972,
NYSIIS became part of the new Division of Criminal
Justice Services.  In 1973, the Division of Criminal
Justice Services was required by law to:

> "Collect and analyze statistical and other
> information and data with respect to the
> number of persons indicted for the commission
> of a felony, the felony for which the person

Hon. Michael Whiteman      -2-              May 20, 1974

was indicted, the county within which the
indictment was filed, the disposition of
the indictment including, but not limited
to, as the case may be, dismissal, acquittal,
the offense to which the defendant pleaded
guilty, the offense the defendant was
convicted of after trial, and the sentence."

Given the existence of the Division of Criminal
Justice Services, the Department's practical authority
and fiscal resources for the gathering of criminal statistics
detailed by Correction Law six hundred nineteen has been
severely curtailed.  Some agencies seeking to avoid dupli-
cative reporting are reporting such criminal statistics
to the Division of Criminal Justice Services only.  Indeed,
the major source of criminal history disposition data is
the Judicial Conference and they presently communicate such
information only to the Division of Criminal Justice
Services.

The Department of Correctional Services supports
the legislative direction towards shifting to the Division
of Criminal Justice Services responsibility for the collection
of those types of criminal statistics generally required by
Section six hundred nineteen, particularly since the Division
has a computerized operation as opposed to the Department's
manual system.

The records and statistical information that
the Department of Correctional Services can and should
continue to compile is sufficiently detailed in section
one of the bill.

Peter Preiser

PP:WCD:tw

B-201                                BUDGET REPORT ON BILLS                    Session Year: 1974

| SENATE | | Introduced by: | | ASSEMBLY |
|---|---|---|---|---|

**No.** 10672                        Committee on Rules                        **No.**

**Law:** Executive                                                 Sec. 837, Subd. 4; Sec. 837-a
                                      **Sections:** (amended); 837-b (new)
Correction                                         15-a, 616, 617, 619 (repealed)
                                                   Sec. 29 (new); Sec. 618, Subd.
                                                   (amended)

Division of the Budget recommendation on the above bill:

Approve: ___X___ Veto: _____ No Objection: _____ No Recommendation: _____

1. **Subject and Purpose:** This bill would transfer responsibility for the general
   criminal statistics functions from the Department of Correctional
   Services to the Division of Criminal Justice Services, to centralize
   in one agency all responsibilities for the analysis of data on the
   criminal justice function.

2. **Summary of Provisions:** Under present law, the Department of Correction
   Services is responsible for receiving, compiling and distributing
   statistical records showing the number and nature of all crimes committ
   in the State and also data on all persons tried in criminal courts in t
   State and action taken in each. The Department is further required to
   aggregate the statistics collected into certain categories and report
   annually the results to the Legislature.

   Also, the Division of Criminal Justice Services (DCJS) has overall
   responsibility for assisting the Governor in improving the criminal jus
   system as well as operating a central data facility and communications
   network serving all criminal justice agencies in the State.

   This bill would:

   a. Replace sections 15-a, 615, 616 and 619 of the Correction Law with
      a new section 29, thereby confining the Department of Correctional
      Services' direct statistical collection and reporting responsibili
      to those records and statistics pertaining to persons under the cus
      of the department. Other statistical reporting programs, primaril
      related to arrest and disposition data, would be transferred to th
      Division of Criminal Justice Services.

   b. Amend section 837 (4) of the executive law to authorize the Divisi
      of Criminal Justice Services to collect and report criminal
      statistics and to delete ambiguous and redundant language concerni
      the Division's responsibility for collecting felony statistics.

   c. Repeal section 617 of the correction law and add a new section 837
      to the executive law, to provide that court officers report
      criminal statistics to the Division of Criminal Justice Services,
      rather than the Department of Correctional Services.

   d. Amend section 837-a of the Executive Law to correct a misspelled
      word and eliminate a redundant phrase.

Date                          Examiner:

BUDGET REPORT ON BILLS                    Session Year: 1974

Introduced by:                           ASSEMBLY

10672                   Committee on Rules              No.

Executive                        Sec. 837, Subd. 4; Sec. 837-a
                      Sections:  (amended); 837-b (new)
Correction                       15-a, 616, 617, 619 (repealed)
                                 Sec. 29 (new); Sec. 618, Subd. 2
of the Budget recommendation on the above bill:     (amended)

:_____X_____ Veto:_____ No Objection:_____ No Recommendation:_____

ect and Purpose:  This bill would transfer responsibility for the general
iminal statistics functions from the Department of Correctional
rvices to the Division of Criminal Justice Services, to centralize
one agency all responsibilities for the analysis of data on the
iminal justice function.

mmary of Provisions:  Under present law, the Department of Correctional
rvices is responsible for receiving, compiling and distributing
atistical records showing the number and nature of all crimes committed
the State and also data on all persons tried in criminal courts in the
ate and action taken in each.  The Department is further required to
gregate the statistics collected into certain categories and report
nually the results to the Legislature.

so, the Division of Criminal Justice Services (DCJS) has overall
sponsibility for assisting the Governor in improving the criminal justice
stem as well as operating a central data facility and communications
twork serving all criminal justice agencies in the State.

is bill would:

Replace sections 15-a, 615, 616 and 619 of the Correction Law with
a new section 29, thereby confining the Department of Correctional
Services' direct statistical collection and reporting responsibilities
to those records and statistics pertaining to persons under the custody
of the department.  Other statistical reporting programs, primarily
related to arrest and disposition data, would be transferred to the
Division of Criminal Justice Services.

Amend section 837 (4) of the executive law to authorize the Division
of Criminal Justice Services to collect and report criminal
statistics and to delete ambiguous and redundant language concerning
the Division's responsibility for collecting felony statistics.

Repeal section 617 of the correction law and add a new section 837-b
to the executive law, to provide that court officers report
criminal statistics to the Division of Criminal Justice Services,
rather than the Department of Correctional Services.

Amend section 837-a of the Executive Law to correct a misspelled
word and eliminate a redundant phrase.

Examiner:_____

e.  Continue in effect all rules, regulations and decisions of DCS
    pertaining to the functions transferred until they are modified
    or abrogated.

f.  Transfer all pertinent records, property, appropriations and employees
    to DCJS.

Prior Legislative History:  This is new legislation.

Arguments in Support:

a.  The bill would eliminate an outmoded division of responsibilities
    in    criminal statistics duties between the Division of Criminal
    Justice Services and the Department of Correctional Services.
    Centralizing all information collection,analysis and reporting
    functions in DCJS should permit more accurate, timely and
    comprehensive reporting of criminal justice statistical information
    in New York State.

b.  This bill is a logical sequel to L. 1972, c. 399, which created
    the Division of Criminal Justice Services and to L. 1973, c. 603,
    which expanded the Division's informational responsibilities to
    act as a central clearinghouse for data affecting the criminal
    justice system.

c.  This bill should produce minor savings within the next several years
    as crime statistics reporting is integrated into related DCJS functions
    and automated.

Possible Objections:  None known.

Other State Agencies Interested:  This bill was prepared and sponsored
by the Division of the Budget.  The Division of Criminal Justice Services
and the Department of Correctional Services both support this legislation
The Division of Probation and State Police may also have an interest.

Known Position of Others:  None known.

Budgetary Implications:  This bill has no significant fiscal implications
since it provides for the transfer of equipment, staff and appropriations
to DCJS.

Recommendation:  This bill would eliminate an outmoded division of functi
between the Division of Criminal Justice Services and the Department of
Correctional Services.  By centralizing this function in one agency,
the bill will help insure more timely, accurate and comprehensive data on
the State's criminal justice system.  We, therefore, recommend approval.

e.  Continue in effect all rules, regulations and decisions of DCS
    pertaining to the functions transferred until they are modified
    or abrogated.

f.  Transfer all pertinent records, property, appropriations and employ
    to DCJS.

3. Prior Legislative History:  This is new legislation.

4. Arguments in Support:

   a.  The bill would eliminate an outmoded division of responsibilities
       in     criminal statistics duties between the Division of Criminal
       Justice Services and the Department of Correctional Services.
       Centralizing all information collection, analysis and reporting
       functions in DCJS should permit more accurate, timely and
       comprehensive reporting of criminal justice statistical information
       in New York State.

   b.  This bill is a logical sequel to L. 1972, c. 399, which created
       the Division of Criminal Justice Services and to L. 1973, c. 603,
       which expanded the Division's informational responsibilities to
       act as a central clearinghouse for data affecting the criminal
       justice system.

   c.  This bill should produce minor savings within the next several year
       as crime statistics reporting is integrated into related DCJS funct:
       and automated.

5. Possible Objections:  None known.

6. Other State Agencies Interested:  This bill was prepared and sponsored
   by the Division of the Budget.  The Division of Criminal Justice Servic
   and the Department of Correctional Services both support this legislat:
   The Division of Probation and State Police may also have an interest.

7. Known Position of Others:  None known.

8. Budgetary Implications:  This bill has no significant fiscal implicati
   since it provides for the transfer of equipment, staff and appropriati
   to DCJS.

9. Recommendation:  This bill would eliminate an outmoded division of fun
   between the Division of Criminal Justice Services and the Department o
   Correctional Services.  By centralizing this function in one agency,
   the bill will help insure more timely, accurate and comprehensive data
   the State's criminal justice system.  We, therefore, recommend approva

- 3 -

DRAFTING NOTE: The word prisoners on line 11 of page 2 should be
replaced with the word inmates.

DATE: May 17, 1974          EXAMINER: Patrick J. Bulgaro

Vincent E. LaFleche, Assistant Chief Budget Examiner (management)

10

MAY 2 3 REC'D

NEW YORK STATE

OFFICE OF PLANNING SERVICES

M E M O R A N D U M

TO:        Michael Whiteman, Counsel to the Governor

FROM:      Richard A. Wiebe

SUBJECT:   Senate Bill No. 10672 (Rules)

DATE:      May 17, 1974

---

You requested our comments and recommendations concerning the above-numbered bill.

This measure does not affect the functions of this Office and we have no comment to make with respect to it.

11

S 10672

MAY 2 0 REC'D

TO COUNSEL TO THE GOVERNOR

RE:   SENATE *10672*

ASSEMBLY

Inasmuch as this bill does not appear to involve a legal problem nor to relate to the functions of the Department of Law, I am not commenting thereon. However, if there is a particular aspect of the bill upon which you wish comment, please advise me.

Dated: *MAY 16, 1974*

LOUIS J. LEFKOWITZ
Attorney General

12