UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
  :
ABDULLAH JAMES GEORGE WILSON, on : C.A. No. 14-CV-2477 (JPO) (RLE)
behalf of himself and others similarly situated, :
  : PLAINTIFF'S RESPONSE TO
         Plaintiffs, : DEFENDANT'S STATEMENT OF
  : UNDISPUTED MATERIAL FACTS
  : PURSUANT TO LOCAL RULE 56.1
       - against - :
  : *and*
  :
CORELOGIC SAFERENT, LLC : PLAINTIFF'S STATEMENT
                  Defendant. : PURSUANT TO LOCAL RULE
  : 56.1(b)
  :
------------------------------------------------------------- x

      Plaintiff Abdullah James George Wilson, by counsel, hereby responds to Defendant's Statement of Undisputed Material Facts Pursuant to Local Rule 56.1, as follows:

      1.    SafeRent assists leasing agents in conducting background screenings for prospective tenants. (Declaration of Matthew Knowles, ¶ 4).

**RESPONSE: Plaintiff does not dispute this fact.**

      2.    SafeRent contractually offers a suite of services to leasing agents, one of which is the compilation of a criminal public record background screening report. (Declaration of Matthew Knowles, ¶ 4).

**RESPONSE: Plaintiff disputes the accuracy and compliance with the Fair Credit Reporting Act ("FCRA") of the SafeRent reports pertaining to Plaintiff and certain members of the class he seeks to represent. Plaintiff further disputes that SafeRent's background screening reports contain "criminal public record[s]."** See **Plaintiff's Statement Pursuant to Local Rule 56.1(b) ("Plaintiff's Statement"), ¶¶ 38-44, 47-56, 58-64.**

      3.    Upon a request for such a report – and the submission of personal identifying information about the applicant to SafeRent by the leasing agent – SafeRent supplies criminal records to its customers that are responsive to the request from a database that it refers to as the

"Multistate Database," which is housed in a secure computer system. (Declaration of Matthew Knowles, ¶ 5.)

**RESPONSE: Plaintiff disputes the accuracy and compliance with the FCRA of the SafeRent reports pertaining to Plaintiff and certain members of the class he seeks to represent. Plaintiff disputes the assertion that SafeRent supplies "criminal records" to its customers.** *See* **Plaintiff's Statement, ¶¶ 38-44, 47-56, 58-64.**

4.  The records in the Multistate Database are continually updated. (Declaration of Matthew Knowles, ¶ 6.)

**RESPONSE: Plaintiff disputes the assertion that the records in the Multistate Database are "continually" updated generally and that the specific records relevant to Plaintiff and the class he seeks to represent were "continually" updated.** *See* **Plaintiff's Statement at ¶¶ 51.**

5.  From the time that data is first received, SafeRent takes multiple steps to ensure its quality. (Declaration of Matthew Knowles, ¶ 6.)

**RESPONSE: Plaintiff disputes the accuracy and compliance with the FCRA of the SafeRent reports pertaining to Plaintiff and members of the class he seeks to represent. Plaintiff disputes the implication that "quality" is germane to the issue of whether data received by SafeRent itself is accurate, current, or reliable. Plaintiff also disputes that SafeRent's "steps" are intended to ensure "quality" or to assure the** *accuracy* **that is relevant to Plaintiff's claims.** *See* **Plaintiff's Statement, ¶¶ 48-55.**

6.  REDACTED

**RESPONSE: Plaintiff disputes the accuracy and compliance with the FCRA of the SafeRent reports pertaining to Plaintiff and certain members of the class he seeks to represent. Plaintiff disputes that the data SafeRent receives is accurately reported.** REDACTED

REDACTED

REDACTED Plaintiff's Statement, ¶¶ 48-55.

7. REDACTED

RESPONSE: REDACTED

REDACTED Plaintiff's Statement, ¶¶ 48-55.

8. REDACTED

RESPONSE: Plaintiff disputes REDACTED New York State Department of Corrections and Community Supervision ("DOCCS")[1] pertaining to Plaintiff and certain members of the class he seeks to represent REDACTED.

See Plaintiff's Statement, ¶¶ 48-55.

9. REDACTED

RESPONSE: Plaintiff disputes REDACTED pertaining to Plaintiff and members of the class he seeks to represent REDACTED

See Plaintiff's Statement, ¶¶ 38-44, 47-56, 58-64.

---

[1] Defendant refers to this data source as the New York Department of Corrections ("NYDOC"). Plaintiff does not dispute that the Parties are referring to the same entity.

10. REDACTED

**RESPONSE: Plaintiff disputes any implication that the data source from which SafeRent obtained information used in its reports pertaining to Plaintiff and members of the class he seeks to represent, was** REDACTED   *See* **Plaintiff's Statement, ¶¶ 48-55.**

11. Included among SafeRent's many governmental sources of information is the New York Department of Corrections ("NYDOC"), which has been regularly providing records to SafeRent for more than fifteen years. (Declaration of Matthew Knowles, ¶ 7.)

**RESPONSE: Plaintiff does not dispute that SafeRent obtains information from the New York Department of Corrections and Community Supervision ("DOCCS"), or that SafeRent has been obtaining information from that sou**REDACTED **for more than fifteen years. Plaintiff disputes that the information obtained from DOCCS is accurate and reportable under the FCRA and disputes that SafeRent accurately represents that information in its Multistate Database. Plaintiff's Statement, ¶¶ 38-44, 47-55, 58-64.**

12. The NYDOC provides records to SafeRent via a "full file" replacement, meaning that the NYDOC provides SafeRent with its full, updated database of criminal records each time that a new file is made available to the public by the NYDOC. That full file is meant to be completely replaced with each successive update. (Declaration of Matthew Knowles, ¶ 7.)

**RESPONSE: Plaintiff does not dispute that when DOCCS provides SafeRent an updated database, it does so in the manner described. Plaintiff disputes that the information obtained from DOCCS is accurate and reportable under the FCRA and disputes that SafeRent accurately represents that information in its Multistate Database to third parties. Plaintiff's Statement, ¶¶ 38-44, 47-55, 58-64.**

13. Historically, the NYDOC has made its database file available to the public (including SafeRent) approximately three or four times per year. (Declaration of Matthew Knowles, ¶ 8.)

**RESPONSE: Plaintiff disputes that the DOCCS database provided to SafeRent is up to date and accurate.** REDACTED **Plaintiff's Statement, ¶¶ 51-53.**

14. When an updated database file is made publicly available by the NYDOC, SafeRent promptly procures the new version of the database file, and it then replaces all of the existing NYDOC records in the Multistate Database with the new database file. (Declaration of Matthew Knowles, ¶ 8.)

**RESPONSE: Plaintiff does not dispute that when SafeRent obtains an updated database, it does so in the manner described. Plaintiff disputes that the information obtained from DOCCS is accurate and reportable under the FCRA and disputes that SafeRent accurately represents that information in its Multistate Database to third parties. Plaintiff's Statement, ¶¶ 38-44, 47-55, 58-64.**

15. The NYDOC database file actively accounts for post-filing developments in its criminal records, including post-conviction changes in the status of the proceeding, as more than 148,800 separate offenders have been removed from the NYDOC database file since it was first delivered to SafeRent in 2001. (Declaration of Matthew Knowles, ¶ 9.)

**RESPONSE: Plaintiff disputes that the information it maintains in its Multistate Database from DOCCS is accurate and reportable under the FCRA and disputes that SafeRent accurately represents that information in its Multistate Database to third parties. Plaintiff's Statement, ¶¶ 38-44, 47-55, 58-64.**

16. SafeRent has never received any indication from the NYDOC or any other governmental agency in New York that there are any issues with the NYDOC database file, including with respect to the transmission of previously-sealed criminal records. (Declaration of Matthew Knowles, ¶ 10.)

**RESPONSE: Plaintiff disputes that the DOCCS information contains criminal records. Plaintiff disputes that SafeRent was not on notice that there were reliability problems with using DOCCS as a database and that its data derived from DOCCS included information pertaining to previously-sealed criminal convictions. Plaintiff's Statement, ¶¶ 38-44, 47-55, 58-64.** REDACTED

. **Plaintiff's Statement, ¶ 57.**

17. SafeRent remains unaware of any email, communication, or other document from the NYDOC identifying any issues regarding the database file or the NYDOC's process for sealing records under Criminal Procedure Law § 160.50. (Declaration of Matthew Knowles, ¶ 11.)

**RESPONSE: Plaintiff disputes that the DOCCS information contains criminal records. Plaintiff disputes that SafeRent was not on notice that its data derived from DOCCS included information pertaining to previously-sealed criminal convictions.** *See* **Plaintiff's Statement, ¶¶ 38-44, 47-55, 58-64. SafeRent was aware from** REDACTED

. **Plaintiff's Statement, ¶ 57.**

18. The NYDOC is a state agency that is charged with aggregating and maintaining criminal records on all individuals who are subject to its jurisdiction (*i.e.*, incarceration). NY CLS Correc § 29(b).

**RESPONSE: Plaintiff disputes any implication that the quoted language describes any process or procedure of SafeRent. Plaintiff disputes any implication that DOCCS, the bulk data source from which SafeRent acquired its data pertaining to Plaintiff and certain members of the class he seeks to represent, aggregates or maintains "criminal records."** *See* **Plaintiff's Statement, ¶¶ 38-44, 47-55, 58-64.**

6

19. By statute, the NYDOC is required to "maintain and analyze statistical and other information and data with respect to persons subject to the jurisdiction of the department, including but not limited to . . . (b) the criminal history of such persons." NY CLS Correc § 29(b).

**RESPONSE: Plaintiff disputes any implication that the quoted language describes any process or procedure of SafeRent. Plaintiff disputes any implication that DOCCS, the bulk data source from which SafeRent acquired its data pertaining to Plaintiff and certain members of the class he seeks to represent, aggregates or maintains "criminal records." See Plaintiff's Statement, ¶¶ 38-44.**

20. The NYDOC is required to use these records to provide an "annual report" to the legislature. NY CLS Correc § 29(b).

**RESPONSE: Plaintiff disputes any implication that the quoted language describes any process or procedure of SafeRent. Plaintiff disputes any implication that DOCCS, the bulk data source from which SafeRent acquired its data pertaining to Plaintiff and certain members of the class he seeks to represent, aggregates or maintains "criminal records." See Plaintiff's Statement, ¶¶ 38-44.**

21. NY CLS Correc. Appx. § 5.51 provides, if "the completeness or accuracy of any item of information contained in the personal history or correctional supervision history portion of an inmate's record is disputed by the inmate, the inmate shall convey such dispute to the custodian of the record or the designee of the custodian reviewing the record with him." *Id.* Upon the receipt of a dispute, the statute further provides that "the custodian of the record [at the NYDOC] shall, within a reasonable period of time, investigate the accuracy and completeness of the information unless he has reasonable grounds to believe that the dispute by the inmate is frivolous." *Id.* And, the statute further provides that "[i]f the custodian, after investigation, shall determine the disputed information is erroneous or incomplete, he shall make such changes as are necessary and shall report to the inmate the results of the investigation and the changes, if any, which have been made no later than 45 days after the custodian or the custodian's designee has been advised of the dispute." *Id.*

**RESPONSE: Plaintiff disputes any implication that the quoted language describes any process or procedure of SafeRent. Plaintiff disputes any implication that DOCCS, the bulk data source from which SafeRent acquired its data pertaining to Plaintiff and certain**

members of the class he seeks to represent, aggregates or maintains "criminal records."

**Plaintiff's Statement, ¶¶ 38-44.**

22.     The NYDOC stated on its website in 2012 and continues to state today that "reasonable efforts have been made to ensure that all electronic information made available is current, complete, and accurate." (Declaration of Timothy St. George, ¶ 4, Exhibit A.)

**RESPONSE: Plaintiff disputes any implication that the quoted language describes any process or procedure of SafeRent.  Plaintiff disputes any implication that DOCCS, the bulk data source from which SafeRent acquired its data pertaining to Plaintiff and certain members of the class he seeks to represent aggregates, or maintains "criminal records."**

**Plaintiff's Statement, ¶¶ 38-44.**

23.     The NYDOC represented in 2012 and still represents today: "The information … is the most up-to-date information available.  It is extracted from the Department's main inmate information database and placed on the webpage at the moment of the request." (Declaration of Timothy St. George, ¶ 5, Exhibit B at p. 1.)

**RESPONSE: Plaintiff disputes any implication that the quoted language describes any process or procedure of SafeRent.  Plaintiff disputes any implication that DOCCS, the bulk data source from which SafeRent acquired its data pertaining to Plaintiff and certain members of the class he seeks to represent, aggregates or maintains "criminal records."**

**Plaintiff's Statement, ¶¶ 38-44, 58-63.**

24.     The NYDOC represented in 2012 and still represents that "when a person has had a conviction reversed, all official records are then sealed pursuant to Criminal Procedure Law § 160.50 and, accordingly, the Department deletes all such information from its database." (Declaration of Timothy St. George, ¶ 5, Exhibit B at p. 3.)

**RESPONSE: Plaintiff disputes any implication that the quoted language describes any process or procedure of SafeRent.  Plaintiff disputes any implication that DOCCS, the bulk data source from which SafeRent acquired its data pertaining to Plaintiff and certain members of the class he seeks to represent, aggregates or maintains "criminal records."**

**Plaintiff's Statement, ¶¶ 38-44, 58-63.**

8

25. Plaintiff was convicted of a 1995 charge for robbery in the Queens County Criminal Court, was incarcerated, and a record of that conviction was maintained by the NYDOC. (Declaration of Matthew Knowles, ¶ 12; Declaration of Timothy St. George, ¶ 7, Exhibit D at p. 3.)

**RESPONSE: Plaintiff disputes any implication that DOCCS, the bulk data source from which SafeRent acquired its data pertaining to Plaintiff and certain members of the class he seeks to represent, aggregates or maintains "criminal records." Plaintiff further disputes that DOCCS maintained a "record of conviction" about him or other members of the class he seeks to represent. Plaintiff's Statement, ¶¶ 38-44, 58-63.**

26. The conviction was sealed by the Supreme Court of the State of New York – Queens County under Criminal Procedure Law § 160.50 in November 2009. (Declaration of Timothy St. George, ¶ 7, Exhibit D at p. 1.)

**RESPONSE: Plaintiff does not dispute this fact except to clarify that the conviction was vacated, dismissed, and sealed in or around October 2009.**

27. Plaintiff subsequently secured a writ of *habeas corpus* in federal court with respect to the 1995 robbery conviction. *Wilson v. Mazzuca*, 570 F.3d 490 (2d Cir. 2009).

**RESPONSE: Plaintiff does not dispute this fact.**

28. Despite its sealing, the 1995 robbery conviction was provided to SafeRent within the NYDOC database file, including in the last version of the database file made available to SafeRent before the report was sent to Eastchester Heights in April 2012. (Declaration of Matthew Knowles, ¶ 12.)

**RESPONSE: Plaintiff disputes any implication that conviction data was provided to SafeRent within the DOCCS database field, but does not dispute that incarceration data relating to the 1995 robbery conviction was provided to SafeRent. Plaintiff also disputes the reasonableness of SafeRent's quality assurance processes, including REDACTED**

**Plaintiff's Statement, ¶¶ 38-44, 47-55, 58-63.**

9

29.     In every instance where the 1995 robbery conviction was sent to SafeRent by the NYDOC, all of SafeRent's data quality-assurance processes were applied to the record by SafeRent.  There were no identified issues with the 1995 criminal record, which passed those quality-assurance processes, and which was otherwise consistent in every way with the criminal data transmitted by the NYDOC in the database file for many thousands of other inmates. (Declaration of Matthew Knowles, ¶ 13.)

**RESPONSE:  Plaintiff disputes that SafeRent's data quality assurance processes,** REDACTED ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ **, were applied to the record. SafeRent's sole reliance on incarceration information in the DOCCS database, despite statutory authority to maintain criminal record information being vested elsewhere, inevitably led to the inaccurate report sold to Eastchester Heights.  Plaintiff's Statement, ¶¶ 38-44, 47-55, 58-63.**

30.     In April 2012, Plaintiff applied to rent an apartment with a potential landlord identified as Eastchester Heights.  (Declaration of Timothy St. George, ¶ 6, Exhibit C at pp. 4-5.)

**RESPONSE:  Plaintiff does not dispute this fact.**

31.     As part of the application process, a leasing agent and client of SafeRent identified as Eastchester Heights requested a criminal background report from SafeRent.  SafeRent's systems searched the Multistate Database and located the 1995 robbery conviction, which was returned. (Declaration of Matthew Knowles, ¶ 11.)

**RESPONSE:  Plaintiff does not dispute this fact.  Plaintiff disputes the propriety and legality under the FCRA and New York law of SafeRent's reporting of the 1995 robbery conviction and disputes that SafeRent provides "criminal background" reports.  Plaintiff's Statement, ¶¶ 38-44, 47-55, 58-63.**

32.     SafeRent listed the 1995 robbery conviction on the background screening report that was sent to Eastchester Heights in 2012, noting that the record was from the "Queens, NY" criminal court and that the record had been provided to SafeRent by the "NYDOC."  (Declaration of Timothy St. George, ¶ 9, Exhibit F.)

**RESPONSE:  Plaintiff does not dispute whether this paragraph accurately reproduces the information contained on SafeRent's report about Plaintiff.   Plaintiff disputes any**

10

implication that SafeRent obtained the information about Plaintiff from a source other than the DOCCS database.  Plaintiff's Statement, ¶¶ 38-44, 47-55, 58-63.

33.	SafeRent has no record of any email, communication, or other document from the NYDOC, either prior to April 2012 or thereafter, regarding the 1995 robbery conviction. (Declaration of Matthew Knowles, ¶ 11.)

**RESPONSE: Plaintiff disputes this fact.  For example, SafeRent received correspondence from Plaintiff in or around February 2013 containing information from DOCCS relating to the 1995 conviction.** REDACTED

34.	Plaintiff did not utilize the dispute process under NY CLS Correc. Appx. § 5.51 with respect to the 1995 robbery conviction from the time that the record was sealed in 2009 until it was reported by SafeRent in April 2012.  (Declaration of Timothy St. George, ¶ 6, Exhibit C at pp. 4-5.)

**RESPONSE: Plaintiff disputes the implication that he had reason to know -- or even suspect – that his 1995 robbery conviction would be reported by DOCCS after it was vacated and sealed.  Plaintiff further disputes the necessity of utilizing the dispute process identified in this paragraph with respect to his claim under section 1681e(b) of the FCRA and under the New York state law counterpart.**

35.	At the time that the criminal background screening report was sent to Eastchester Heights by SafeRent in April 2012, Plaintiff's 1995 robbery conviction was still being reported on the official website of the NYDOC.  (Declaration of Timothy St. George, ¶¶ 7-8, Exhibit D at pp. 5-6; Exhibit E at pp. 4-5.)

**RESPONSE: Plaintiff does not dispute this fact, but does dispute the propriety and legality of SafeRent's reliance upon the DOCCS database, an inherently unreliable source of criminal conviction information.  Plaintiff's Statement, ¶¶ 38-44, 48-53; Francis Dec. at Ex. 5, Declaration of Anne Marie McGrath.**

36. During the discovery period, Plaintiff served no expert disclosures. (Declaration of Timothy St. George, ¶ 10.)

**RESPONSE: Plaintiff does not dispute this fact.**

37. During the discovery period, Plaintiff did not depose the New York Department of Corrections or obtain any other discovery regarding its database of criminal offender records. (Declaration of Timothy St. George, ¶ 11.)

**RESPONSE: Plaintiff does not dispute that he did not depose DOCCS, but disputes the assertion that Plaintiff did not "obtain any other discovery" regarding the DOCCS database. Plaintiff produced the Declaration of Anne Marie McGrath to Defendant on July 26, 2016. *See* Francis Dec., Ex. 5, Declaration of Anne Marie McGrath.**

## PLAINTIFF'S STATEMENT PURSUANT TO LOCAL RULE 56.1(b)

38. DOCCS is not vested with the statutory authority to maintain criminal record information in New York. *See* N.Y. Exec. § 837(6).

39. In 1974, New York law was modified to "transfer responsibility for the general criminal statistics functions from the Department of Correctional Services to the Division of Criminal Justices Services, to centralize in one agency all of the responsibilities for the analysis of data on the criminal justice function." Francis Dec., Ex. 2 (Division of the Budget, Budget Report on Bills, S. 10672, Bill Jacket, c. 654, L. 1974)).

40. The New York State Division of Criminal Justice Service ("DCJS") -- not DOCCS -- is vested with the statutory authority to maintain criminal history record information in New York State. N.Y. Exec. Law § 837(6).

41. DCJS is only permitted to release information to entities have the statutory authority to obtain such information. N.Y. Exec. Law § 837(6); *see also* N.Y. Exec. Law § 845-b. DCJS Access to Criminal History Records, http://www.criminaljustice.ny.gov/ojis/recordreview.htm.

42. For those without statutory authority, the New York State of Office of Court Administration ("NYOCA") – not DOCCS – provides an on-line New York Statewide criminal history record search for conviction records in New York State. https://www.nycourts.gov/APPS/chrs/onlinedirectaccess.shtml.

43. NYOCA makes it clear to requesters that the online results are not certified and "should not be confused with a **Certificate of Disposition** which can only be issued by the court of original jurisdiction." *Id*.

44. Actual court records maintained in New York courthouses are the most reliable source for conviction disposition information. *Id.*

45. SafeRent's Lease Decision report concerning Mr. Wilson stated "RECORD FOUND – CRIMINAL COURT ACTION." Francis Dec., Ex. 1.

46. SafeRent did not consult any records concerning Mr. Wilson maintained in a New York courthouse. Francis Dec., Ex. 3, REDACTED

47. REDACTED

48. REDACTED

49. REDACTED

REDACTED

Francis Dec., Ex. 3, REDACTED

REDACTED

REDACTED

REDACTED

50. REDACTED

REDACTED

REDACTED

51. REDACTED

REDACTED

REDACTED

52. REDACTED

REDACTED

REDACTED

REDACTED

53. REDACTED

REDACTED

54. REDACTED

REDACTED

REDACTED

REDACTED

55.  REDACTED

56.  REDACTED

57.  REDACTED

58.  The DOCCS database is inherently unreliable for the purposes of obtaining records of conviction.  Francis Dec., Ex. 5, Declaration of Anne Marie McGrath.

59.  DOCCS only maintains, reports and provides incarceration and parole data relating to an individual's confinement in a New York State prison.  McGrath Dec. at ¶ 5.

60.  With regard to an underlying criminal conviction, DOCCS only maintains, reports and/or provides information about the nature of the crime and the class.  *Id.*

61.  DOCCS does not maintain, report or provide other information, such as the date of conviction, date of offense, date of sentence, criminal case number associated with the conviction, or prior criminal conviction history of the individual.  *Id.*

62.  DOCCS does not represent that the information it makes available via its web-based system is current, complete and accurate, and does not allow users to use the inmate and parolee lookup systems for commercial purposes.  *Id*. at ¶ 8.

63. DOCCS is not a repository for criminal conviction information in New York State. DOCCS does not maintain, report, or provide data relating to the criminal conviction history of individuals in New York State. *Id*. at ¶ 10.

64. DOCCS records include Department Identification Numbers ("DIN" numbers), a number assigned by DOCCS to each inmate admitted to DOCCS. The DIN number is not the case number associated with the criminal court case resulting in state confinement. DOCCS does not maintain, provide, or report the criminal case number associated with the criminal case resulting in imprisonment. *Id*., at ¶ 15.

65. Specifically, with respect to Mr. Wilson in this case, Ms. McGrath and Mr. Wilson confirmed that much of the information contained in SafeRent's background report, which was compiled solely by use of the DOCCS database, was inaccurate. *Id*. at ¶¶ 15-17; Francis Dec. Ex. 6, Deposition of Abdullah James George Wilson, at 256:19-258:22; 264:9-269:11.

Dated: March 17, 2017                           **LEGAL ACTION CENTER**

                                                            Monica Welby (MW-7373)
                                                            Sally Friedman (SF-3344)
                                                            225 Varick Street, Suite 402
                                                            New York, NY  10014
                                                            Tel: (212) 243-1313
                                                            Fax: (212) 675-0286
                                                            mwelby@lac.org
                                                            sfriedman@lac.org

**FRANCIS & MAILMAN**

By: *s/ James A. Francis*
James A. Francis (*pro hac vice*)
David A. Searles (*pro hac vice*)
Lauren KW Brennan *(pro hac vice)*
100 S. Broad Street, Suite 1902
Philadelphia, PA 19110
Tel: (215) 735-8600
Fax: (215) 940-8000
jfrancis@consumerlawfirm.com
dsearles@consumerlawfirm.com
lbrennan@consumerlawfirm.com

*Attorneys for Plaintiff and the Class*

17